[No. 5150.   Decided May 1, 1905.]

NELS CARLSON et al., Appellants, v. THE COUNTY COMMISSIONERS OF SPOKANE COUNTY et al., Respondents.[1]

HIGHWAYS—ESTABLISHMENT BY COUNTY COMMISSIONERS—JURISDICTION—OBJECTION NOT PLEADED—APPEAL AND ERROR—RECORD OF PROCEEDINGS NOT BROUGHT UP. An objection that county commissioners did not acquire jurisdiction of a proceeding to open a county road cannot be considered on appeal where it was not raised in the pleadings and the entire record of the proceedings before the board is not brought up on appeal.

SAME—WAIVER OF DAMAGES—LAPSE OF TIME IN ESTABLISHING ROAD. An express waiver of damages for the opening of a highway cannot be lost by lapse of time in establishing the road.

[1]Reported in 80 Pac. 795.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 11, 1903, dismissing on the merits an action to enjoin the opening of a county road, after a trial before the court without a jury. Affirmed.

*Harris Baldwin,* for appellants.

*Horace Kimball* and *Miles Poindexter,* for respondents.

PER CURIAM.—The plaintiffs, as husband and wife, bring this action to restrain the defendants, as officers of Spokane county, from opening up a public road through the east half of the east half of section 2, and the west half of the southwest quarter of section 1, Tp. 26, N., R. 41 E., W. M., owned by the plaintiffs. The grounds for the injunction are thus set forth in the fourth and fifth paragraphs of the complaint:

"(4). That said order and direction of the said board of county commissioners to said John Alles [the order to open the road] was without authority of law, and without jurisdiction, and null and void, and without notice to these plaintiffs, or either of them. (5) That neither of said plaintiffs have ever been compensated in damages for the opening of said road on their said land, nor have either of them ever been tendered any sum of money as damages therefor, and neither of them have ever consented to the opening of the said road, nor has the said land for said road been condemned for said purpose."

The fourth paragraph pleads legal conclusions only, and for that reason cannot be considered. The material facts of the fifth paragraph are that the plaintiffs have not consented to the establishment of the road, that the right of way therefor has not been condemned, and that the damages for the taking of the plaintiffs' lands have not been paid or tendered to them. The answer denies the

fourth and fifth paragraphs *in toto,* and alleges affirmatively that the plaintiffs and their predecessors in interest petitioned for the establishment of the road in question, consented to the opening of the same, and waived all claims for damages on account thereof. Without making any findings of fact, the court below entered judgment of dismissal, from which this appeal is taken.

It appears from the record that the appellants and their predecessors in interest petitioned for the establishment of the proposed road, and expressly waived any claim for damages by reason of the location and construction of the road across the premises described in the complaint. The appellants urge, in support of their appeal, that they are not bound by such waiver, for two reasons: first, because the board of county commissioners of Spokane county never acquired jurisdiction to establish the road in question; and second, because the public have lost all rights acquired by the waiver, through the failure of the county authorities to open up the road sooner than they did. The first objection is not raised by the pleadings, and, inasmuch as the entire record of the proceedings before the board of county commissioners in relation to the establishment of the road is not before us, we cannot consider it, and must assume that the road was legally established. There is no merit in the second objection. The rights acquired by the public through a waiver of the claim for damages under the statute stand upon the same footing as a right of way acquired by purchase or condemnation, and can only be lost in the same manner. Counsel has suggested no reason why the rights acquired by the waiver in this case should be lost under the circumstances appearing in the record, and this court perceives none.

The judgment appealed from is therefore affirmed.