[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 159 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 160 
The appellant insists that the relator did not sue out the writ of certiorari within the time prescribed by law. Section 2125 of the Code of Civil Procedure provides that the writ "must be granted and served, within four calendar months after the determination to be reviewed becomes final and binding, upon the relator." The certificate of the board was announced and was dated as of July 15th, 1901; but it was *Page 163 
not delivered to the appellant until August 14th, 1905. The argument is that, within the meaning of the statute, a determination was made when the board decided that public convenience and a necessity required the construction of the road and that the time, within which the writ might be granted, commenced to run then. Included with the return is an extract from the minutes of a meeting of the railroad commissioners on August 14th, 1905, in which it is stated that the certificate, which was granted "but which was not issued owing to the company having failed to pay the organization tax, was to-day issued and delivered * * * there having been filed with the Board a receipt from the State Comptroller and State Treasurer showing that the organization tax of the company had been paid." Section 180 of the General Tax Law (L. 1896, ch. 908, as amended) provides for the payment of an organization tax by every stock corporation and forbids the filing by the secretary of state, or county clerk, of any certificate of incorporation, until he has been furnished with a receipt for the tax from the state treasurer; except in the case of a railroad corporation. A railroad corporation need not pay such a tax at the time of filing its certificate of incorporation; but, (the section provides), that the certificate required by the Railroad Law, authorizing the construction of the road, "shall not be granted by the Board of Railroad Commissioners until it is furnished with a receipt for such tax from the State Treasurer." In refusing, therefore, to grant, that is to deliver, the certificate, under section 59 of the Railroad Law, (L. 1890, ch. 565, as amended), the board obeyed the mandate of the statute and it should be quite evident that there could be no determination, which was "final and binding upon the relator," until it was evidenced by the granting of the certificate to the applicant and by the filing of it in the office of the secretary of state. Until that was done, the construction of the railroad could not be begun. (Section 59.) Prior to the granting of the certificate for the purpose of so filing it, the finality of the determination reached *Page 164 
by the board was subject to its being satisfied by proof, as prescribed by the statute, of compliance by the applicant with the requirement of a preliminary payment of the organization tax. The decision of the tribunal was not effective to confer any corporate rights upon the applicant, until the certificate embodying it was filed. Then, only, was the relator bound and then the Statute of Limitations commenced to run as to the right to review the determination of the board. Until the certificate was delivered to the applicant, it was not granted and, prior thereto, it was always within the power of the board to annul its determination. The objection of the appellant upon this ground is quite untenable.
As to the merits of the case, it is argued for the appellant that the board of railroad commissioners had no power to determine whether the corporation had complied with the provisions of the second section of the Railroad Law. The basis of the argument need not be considered; for the statute and the authorities do not support any such contention. The section provides that the filing of every certificate of incorporation, where the amount of stock required by this section has not been in good faith subscribed and paid in cash, shall be void. The fact of this preliminary payment is made an essential one and it affects the lawfulness of any corporate undertaking. The board, in acting under section 59, proceeds judicially and is required to determine, at the outset, whether the corporation is one dejure, by reason of a compliance with what the statute commands as essential to due incorporation. If the ten per cent. of the minimum amount of capital stock has not been subscribed, nor paid in good faith and in cash, there has been no legal incorporation and that question the board must determine. Being a judicial one, the right to review it by a writ of certiorari is accorded by law. (See People ex rel. Steward v. R.R. Comrs., 160 N.Y. 202;People ex rel. Bath H.R.R. Co. v. Pub. Serv.Commission, 127 App. Div. 480; affd., 194 N.Y. 543.)
In the second place, the appellant argues that the Appellate Division had no power to review the determination of the *Page 165 
board, upon the question of the payment of the ten per cent. required by the statute, as it was not one of fact. That it is, generally, a question of fact is evident, (Matter of Wood,181 N.Y. 93), and it could only be regarded as one, purely, of law, if there was no conflict in the evidence upon the subject; or if the evidence permitted but the one inference of a payment of the ten per cent. having been made, as required by the statute, ingood faith and in cash. The Appellate Division could not create a question of fact, by assuming to reverse upon the facts, and this court may look into the evidence for the purpose of seeing whether it does permit of differing inferences. The evidence in this record, clearly, permits of a different conclusion from that reached by the board. It permits the inference that the transaction, through which the ten per cent. of the capital stock was attempted to be paid, upon filing the articles of incorporation, was a transparent device for the evasion of the provisions of the statute. Without spreading out the testimony, it suffices to say that, within twenty minutes during the day, when the money was claimed to have been paid to the directors, at a certain bank in Rochester, four persons produced their demand note for $125,000, to be discounted; a check for that amount was drawn by the makers of the note to the order of three directors of the railroad company; the check was indorsed by them to the order of one Tone, who handed it back to the bank in payment of the note. No cash appears to have been paid into, or to have been received by, the company, or to have been received by any one for it. It was quite permissible to find that the affidavit, as to the payment in good faith and in cash of the ten per cent., attached to the articles of incorporation, was false.
Nor was the court precluded from looking into the evidence by the statement in the return to the writ, with respect to the payment of the ten per cent. having been made as required by the statute. If the return had not included, as a part thereof, all of the proceedings and testimony, had and taken before the railroad commissioners, the argument *Page 166 
might have some force, that the statements of the return must be taken as conclusive. With all the evidence incorporated, as a part of it, the Appellate Division was not confined in its review to the mere allegations in the return. That court could examine the evidence and finding, as it did, that it failed to support the determination of the board, could annul it. There being a question of fact upon the evidence, it is beyond the jurisdiction of this court to review that decision.
It is also insisted by the appellant that the relator was not a party aggrieved by the action of the board of railroad commissioners. That was a question for the board and the Appellate Division to consider. It turned upon the facts relating to the relator's situation, as affected by the proposed railroad construction. The relator showed that it would be affected, inasmuch as it owned other roads more or less paralleling the proposed road and serving the same territory. It appeared at the hearings and was allowed to take part in the proceedings by the tribunal, as having an interest in the controversy. The certificate of public convenience and necessity is to be granted upon considerations, not alone, bearing upon the convenience of the public, but affecting the other transportation companies, which are already serving the territory. They have the right to be considered and to be protected, where there is no necessity for a wider public service, against the designs of persons more interested in forcing terms from them, than in subserving the public convenience. Certainly the rights of shareholders in the existing roads demand fair consideration.
No other question presented by the appellant requires discussion by us and I advise the affirmance of the order appealed from.
CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.
Order affirmed, with costs. *Page 167