No. 27,072.

THE KANSAS GAS AND ELECTRIC COMPANY, THE CITIES SERVICE COMPANY, THE WICHITA GAS COMPANY, and THE HUTCHINSON GAS COMPANY, *Appellants,* v. THE PUBLIC SERVICE COMMISSION et al., and THE WICHISON INDUSTRIAL GAS COMPANY, *Appellees.*

### SYLLABUS BY THE COURT.

1. GAS—*Regulation by Public Service Commission—Right to Hearing and Appeal.* A public utility company serving a limited territory with gas for domestic consumption and as a fuel supply for industrial plants has a right to a hearing before the public service commission on an application for a certificate of convenience by another corporation seeking to enter the same territory as a competitor; and may appeal from an order of the commission pertaining thereto if such order is arbitrary, unlawful or unreasonable.

2. SAME—*Granting of Certificate of Convenience—Action to Enjoin Commission's Order—Pleadings.* Where the granting of a certificate of convenience to a competing gas company by the public service commission was made pursuant to a public hearing at which time evidence in favor of the applicant and in opposition thereto was heard, and the application was subsequently taken under advisement for a month before it was granted, the order of the commission granting such certificate was not arbitrary, unlawful and unreasonable, and a petition of parties plaintiff, having an interest adverse to that of the applicant, praying that the order of the commission so made be enjoined and its certificate of convenience so granted be canceled is properly subject to demurrer.

3. PLEADING—*Conclusions of Law.* An allegation in a petition that an order of an official body "was arbitrary, unlawful and unreasonable," is merely the pleader's conclusion of law and not a statement of facts on which a cause of action may be founded.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed January 8, 1927. Affirmed.

Gas, 28 C. J. pp. 560 n. 16, 561 n. 38. Pleading, 31 Cyc. p. 62 n. 98; 21 R. C. L. 440.

*Fred S. Jackson, H. A. Russell,* both of Topeka, and *Robert D. Garver,* of Kansas City, Mo., for the appellants.

*M. J. Healy, John M. Kinkel,* both of Topeka, *R. R. Vermillion, Earle W. Evans, Joseph G. Carey* and *W. F. Lilleston,* all of Wichita, for the appellees.

·*W. L. Cunningham, D. Arthur Walker,* both of Arkansas City, *S. C. Bloss,* of Winfield, and *Harry C. Bowman,* of Newton, as *amici curiæ.*

The opinion of the court was delivered by

DAWSON, J.:  This was an action by certain gas companies which were aggrieved at an order of the public service commission granting to a competing gas company a certificate of convenience under R. S. 66-131 authorizing it to transact business as a public utility.

It appears that in March, 1925, the Wichison Industrial Gas Company, a Delaware corporation, applied to the public service commission for a certificate of convenience permitting it to transact business as a public utility in this state and particularly to supply gas to industrial plants in and about the cities of Wichita and Hutchinson.

As the granting of such certificate and the entrance of the Wichison Industrial Gas Company into the business of supplying gas to industrial plants would encroach on the business of other gas companies serving the same territory, some of these filed written protests against the granting of the certificates applied for by the Wichison Gas Company.  These protestants were the Kansas Gas and Electric Company, which operates a gas-distributing system in southern Kansas, including Wichita and Hutchinson, and has its principal sources of supply in Oklahoma; the Cities Service Company, whose interest in the matter was not clearly defined; and the Wichita Gas Company and the Hutchinson Gas Company, which are the local distributing companies of Wichita and Hutchinson, respectively.

The public service commission set the application for hearing at Wichita May 5, 1925, at which time evidence pro and con was heard, and thereafter on June 8, 1925, the commission made a finding that public convenience would be promoted by granting the certificate prayed for and by permitting the applicant, the Wichison Industrial Gas Company, to transact the business of a public utility in the sale of industrial gas in the cities of Wichita and Hutchinson and environs, and the certificate was issued accordingly.

Within thirty days thereafter the protesting companies commenced this action against the public service commission, setting

up the foregoing and other more or less pertinent facts in detail and alleging that the order of the commission was arbitrary, unlawful and unreasonable, "for the reason that no evidence whatever was introduced before said commission which would justify or support its order or finding." Plaintiffs prayed that the order of the commission granting a certificate of convenience issued to the Wichison Industrial Gas Company should be set aside and the commission and the Wichison Industrial Gas Company enjoined from putting the order into effect.

The Wichison Industrial Gas Company was made a party defendant on its own motion. Thereafter defendants' motions to strike out parts of plaintiffs' petition were sustained in certain particulars. About the time this ruling was made the Kansas Gas and Electric Company and the Cities Service Company on their own motion were dismissed from the action, and it proceeded with the local distributing companies of Wichita and Hutchinson maintaining the cause of the plaintiffs.

The Wichison Industrial Gas Company and the public service commission filed separate demurrers to plaintiffs' petition as amended pursuant to the court's ruling on the motions to strike. The demurrers urged:

"1. That the plaintiffs, nor either of them, have legal capacity to sue and maintain this action.

.        .        .        .        .        .        .        .        .        .        .        .

"3. That the petition does not state facts sufficient to constitute a cause of action against this defendant, or entitle the plaintiffs, or either of them, to the relief prayed for."

The demurrers were sustained, and the case is here for review.

The arguments in the briefs of counsel cover a broad and interesting field which the demands upon our time will not permit us to explore. In support of the trial court's decision, counsel for the defendants make rather too much of the point that these plaintiffs cannot be heard to question the propriety of the order of the commission. In an ordinary lawsuit, it is quite correct that to qualify as a litigant a party to an action must possess a legal entity, be without disability, and have a direct legal or equitable interest in the result of the litigation. Under the public utilities act the right to participate in hearings before the commission and to bring proceedings to review or correct its action or inaction in a given case is not so restricted. Any person or group of persons, organized or un-

organized, whose interests may be somewhat remote but which ought to be considered before any proposed action by the commission is taken, have a right to participate in the proceedings before that tribunal. The statute says any mercantile, agricultural or manufacturing organization or society, and body politic, any taxpayer, firm, corporation, or association, may air its grievances before the commission. (R. S. 66-111.) And the right thereto means more than that of mere sufferance to be permitted to protest against some action contemplated by the commission and which the commission intends to take regardless of any and all objections of such parties. The public utilities act intends that such parties shall not only be heard but that their interest shall be taken into account for whatever relative merit it may have, before the commission reaches a conclusion on the matter before it for determination. This must be the legislative intent, otherwise of what avail is the conferring of the right upon private persons, chambers of commerce, labor organizations and the like to be present at hearings before the commission (R. S. 66-106), to complain to the commission of matters of public or personal concern relating to utility services and their incidents (R. S. 66-111) and to appeal from orders of the commission at which they have a substantial grievance. (R. S. 66-118; *The State, ex rel., v. Mohler,* 98 Kan. 465, 472, 158 Pac. 408; *Jackman v. Public Service Commission,* 121 Kan. 141, 245 Pac. 1047, and citations.) And in the particular case before us, where the commission exercises its lawful supervision over the business of plaintiffs, controls their stock and bond issues, exacts from them a prescribed *quantum* of service and efficiency, and practically dictates their rates and limits their profits, and where without the express sanction of the commission and its certificate of convenience plaintiffs would have no right to conduct their corporate affairs, it is certainly a reasonable interpretation of the act to say that plaintiffs had a right to be heard and to have their interests consulted before a certificate of convenience was granted to another corporation proposing to enter their field of activity with the avowed intention of capturing part of plaintiffs' business, the supplying of gas to industrial plants in Wichita and Hutchinson. In years agone, when competition was the rule, "with the race to the swift and the devil take the hindermost," a public service corporation established its plant, invested its capital, and investors put their savings in its stocks and bonds with

their eyes open, knowing the possibility of their investments being rendered unprofitable by the intrusion of competitors in the same field. But they also had the allurement of possible large profits to stimulate their enterprise and to justify their speculative investments. Nowadays public service companies and their stock- and bondholders proceed on a different theory, which has for its basis their confidence in a fair and just administration of the public utilities act. This act while greatly restricting freedom of corporate action is designed among other purposes to give a measure of security against ruinous competition to prudent investments of public service corporations which give the public reasonably efficient and sufficient service. The very enactment of the statute (R. S. 66-131) forbidding a public utility corporation to transact business without a certificate that the public convenience would be promoted thereby, was manifestly intended to put reasonable limitations to the evils attendant on unnecessary duplication of public utilities (*Janicke v. Telephone Co.*, 96 Kan. 309, 150 Pac. 633). Its text fairly indicates that unnecessary duplication and ruinous competition are to be avoided, and the power of granting or withholding certificates of convenience is to be exercised with sagacious discretion, not with indifference to legitimate interests likely to be affected by the determination of the official body to whom this important power has been intrusted. (*Jackman v. Public Service Commission*, supra.) In determining whether such certificate of convenience should be granted, the public convenience ought to be the commission's primary concern, the interest of public utility companies already serving the territory secondary; and the desires and solicitations of the applicant a relatively minor consideration.

In *People, ex rel. N. Y. C., etc., Co. v. P. S. Com.*, 195 N. Y. 157, where the right of an established railway company to challenge the validity of an order of the New York public service commission granting a certificate of convenience and necessity to a competitor to enter the same territory was called in question, the court of appeals held:

"A certificate of public convenience and necessity is to be granted a railroad company upon considerations, not alone bearing upon the convenience of the public, but affecting other transportation companies which are already serving the territory; hence, a transportation company, so interested, is a party aggrieved by the granting of such a certificate, and as such has an interest in the controversy." (Syl.)

To the same effect was *Choate v. Commerce Commission*, 309 Ill. 248.

Appellees cite the case of *Telephone Co. v. Telephone Association*, 94 Kan. 159, 146 Pac. 324, to support its contention that plaintiffs cannot complain of the action and order of the public utilities commission no matter how arbitrary that action and order might be. The cases are not alike. In the Telephone case, plaintiff completely ignored the fact that the doors of the commission were open to hear and redress all grievances within its jurisdiction, and that the commission had an attorney of its own, with the services of the attorney-general also available, to question the exercise of unauthorized power by a public utility. See *State, ex rel. John Marshall, as Attorney for the Public Utilities Commission, v. Gas Co.*, 88 Kan. 165, 127 Pac. 639. The telephone company sought to take on itself the functions of a prosecuting officer, and of course it could not maintain that action. (*City of Parsons v. Water Supply & Power Co.*, 104 Kan. 294, 178 Pac. 438, syl. ¶ 3, and citations.) Here, however, the plaintiffs took the proper course. They presented their cause to the commission, and feeling dissatisfied with its decision which unquestionably did affect their interest, they invoked their right to a review of that order in conformity with the statute. (R. S. 66-118.)

The court holds that plaintiffs had the right to be heard before the commission and to have their interests duly considered before a certificate of convenience was granted to a competitor in their particular field of service; and being aggrieved by the order of the commission plaintiffs also had the right to seek judicial relief therefrom by instituting an action pleading sufficient facts to show, if proven, that the order was arbitrary, unlawful and unreasonable.

But the allegation in plaintiffs' petition that the order of the commission was arbitrary, unlawful and unreasonable is merely the pleader's conclusion of law, and not a statement of facts on which a cause of action may be founded. (*Ollis v. Orr*, 6 Ida. 474; *Murphy v. C. R. I. & P. Ry. Co.*, 247 Ill. 614; *Schwab v. Mabley*, 47 Mich. 572; *Carlson v. County Com'rs*, 38 Wash. 616, 617; *Pratt and others v. Lincoln County and another*, 61 Wis. 62; *Ricketts v. Crewdson*, 13 Wyo. 284.) Plaintiffs alleged the order was arbitrary, unlawful and unreasonable "for the reason that no evidence whatever was introduced before said commission which would justify or support its order or finding." Elsewhere, however, the petition alleged—

"That on the 5th day of May, 1925, a hearing was had before said defendants, the commission, in the city of Wichita, Kan., at which time evidence was introduced by said Wichison Company in support of its said petition, and by these plaintiffs in opposition thereto, and said hearing was closed and the matter taken under advisement by the commission."

Manifestly, then, plaintiffs' allegation that the order was arbitrary, unlawful and unreasonable was not only a mere conclusion of the pleader but a paralogism as well. And since the commission held a public hearing, at which time and place plaintiffs' evidence in opposition to the proposed order was heard, as well as evidence introduced in its support, the plaintiffs' case must fail. The discretionary power of the commission to grant or withhold certificates of convenience to public utility companies is broader than its power to govern rates and services of such companies. In the exercise of the latter powers the lawful scope of the commission's orders is hedged about by statutory and constitutional guaranties and inhibitions. In the granting or withholding of certificates of convenience no justiciable question touching confiscation of property or impairment of vested rights can well arise. Time and again this court, in consonance with the prevailing attitude of courts throughout the country, has declared that it will not substitute its judgment for that of some administrative tribunal created by legislative authority for dealing with matters of nonjudicial character; and certainly the question whether a competing gas company should be licensed to serve industrial plants in and around Wichita and Hutchinson is pecularly a question for an official board to determine and one with which a judicial tribunal should be slow to meddle.

The judgment is affirmed.