No. 29,827.

THE WICHITA GAS COMPANY, *Appellant*, v. THE PUBLIC SERVICE COMMISSION OF THE STATE OF KANSAS, J. W. GREENLEAF, CHARLES D. SHUKERS and C. H. MONTGOMERY, as Members, etc., THE CITY OF WICHITA and THE WICHISON INDUSTRIAL GAS COMPANY, Interveners, *Appellees*.

(295 Pac. 668.)

Opinion filed February 7, 1931.

*Robert D. Garver*, of Kansas City, Mo., for the appellant.

*Walter F. Jones*, of Topeka, *A. V. Roberts, Vincent Hiebsch, R. R. Vermillion, Earle W. Evans, Joseph G. Carey* and *W. F. Littleston*, all of Wichita, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action brought by the Wichita Gas Company, under R. S. Supp. 1930, 66-118c, to set aside the granting of a certificate of convenience to the Wichison Industrial Gas Company to furnish gas to certain domestic consumers in Wichita. The relief prayed for in the court below was denied. Plaintiff appeals.

Many of the circumstances surrounding and leading up to the granting of the certificate in question are set out in *Kansas Gas & Electric Co. v. Public Service Com.*, 122 Kan. 462, 251 Pac. 1097. The present case is the second phase of the difficulties between the Wichita Gas Company, the successor of the Kansas Gas and Electric Company, on the one hand, and the public service commission and the Wichison Gas Company on the other. Subsequent to the handing down of the opinion in the Kansas Gas and Electric case, *supra*, which opinion upheld an order of the commission permitting the Wichison company to engage in the business of furnishing natural gas to industrial consumers in Wichita, the authorities at Wichita induced the Wichison company to furnish gas to domestic consumers along the mains already laid by it for the purpose of serving its industrial consumers.

This came to the attention of the Wichita Gas Company, and through its president it called the matter to the attention of the public service commission and asked that board whether it held that this company was obliged to obtain a certificate of convenience before engaging in the business of supplying gas to domestic consumers in Wichita. The commission replied that it did so hold, and a few days later advised the Wichita Gas Company that it was setting its complaint against the Wichison company down for hearing on a certain day. The Wichita company immediately advised the commission that it did not desire to have its letter treated as a complaint, and asked that it be withdrawn and the case dismissed.

One of the grounds upon which appellant urges that its appeal should be sustained is that this motion to withdraw the letter as a complaint should have been allowed by the commission. We fail to see, however, how appellant was prejudiced by this action. At a later stage in the proceedings the Wichison company filed a regular application for a certificate of convenience. The Wichita company had notice of its being filed and a continuance was given in order that it might have plenty of time to prepare this case. At the time

set all parties appeared. Witnesses on both sides were examined, arguments were made, briefs filed and everything done that anyone desired to do in the way of presenting the matter to the commission. Appellant does not point out any particular in which it was prevented from making a clear, full and complete record. The fact that the application for certificate was filed under the same docket number as the letter that was treated as a complaint does not deprive the commission of the power to act upon the application.

The appellant urges that since this was a review of the action of the commission under R. S. Supp. 1930, 66-118c, the rule that the decision of the commission would not be interfered with if there was any evidence to sustain it does not apply, and that the court is required to review the record and exercise its independent judgment as to the reasonableness of the order complained of.

We conclude, however, that appellant is mistaken as to the spirit and purpose of the provisions of R. S. Supp. 1930, 66-118c, which operates as an amendment of R. S. 66-118. Before the enactment of 66-118c, in 1929, in many cases the interested public utilities paid but scant attention to the hearing before the commission, expecting the decision of the commission to go against it, and that the matter would later be tried out before a court and a complete and full record made at that time. The amendment of 1929 changed all this. As the law now is, the record that the utility expects to rely upon before the court must be made at the hearing before the commission. The fact that the new procedure provides for more full and complete hearing before the commission is no reason for attaching any less weight to the findings of the commission than was attached to them under the old statute.

For the purpose of this case it will be noticed later in this opinion that the evidence in the present case was ample for the court below to reach the decision it did reach, even though it was exercising its independent judgment upon the record, and it will be noticed further that in the case in question the court below made a finding that the order of the commission, which the action seeks to set aside, was reasonable, and this court has held many times that where such a finding was made, if there was any evidence at all to sustain it, it would not be disturbed on appeal.

The appellant urges that there was no evidence whatever to support the finding of public convenience. What was the evidence on that point? One witness testified that in what is known as the

Woodland district, north of Thirteenth street in Wichita, the residents had been endeavoring for years to obtain domestic gas service from the Wichita Gas Company and its predecessors, but were never able to obtain such service until the Wichison company, having run a line to that district, pursuant to resolution passed by the board of city commissioners, for the purpose of supplying domestic gas, appellant then commenced installation of its lines and actually completed the installation before the Wichison company was able to complete its work. This witness testified that, although appellant was the first to complete its installation, practically all of the residents in that district of the city made contracts with the Wichison company for their domestic gas service.

This bit of evidence would have been corroborated by some half dozen other witnesses had parties not stipulated that these proffered witnesses would have testified the same way as did the one who was permitted to testify. But one of the witnesses testified that he had been a resident of what is known as the Woodlawn avenue section, in the northwestern part of Wichita, for more than thirty years, and during that time efforts were made by himself and others to obtain gas service at their homes; that they were not able to procure such service until after the Wichison Industrial Gas Company was given its franchise to furnish domestic gas and ran lines to the district pursuant to the direction of the city authorities.

Evidence was also introduced showing that in one locality in the northwestern part of the city, on Arkansas avenue near Twenty-first street, and one or two adjacent streets, residents had never been served with domestic gas by appellant or its predecessors, and that at the direction of the city officials the Wichison company made the necessary installations and gave these residents domestic service.

Evidence was also introduced showing that in another section of Wichita, the southeastern part, the Sisters of St. Joseph had for five years been endeavoring to obtain gas service for their large institution located there, and that they were unable to obtain service from appellant company; that the Wichison Industrial Gas Company ran a line to them, pursuant to direction of the city officials and to an ordinance authorizing the use of the necessary streets; that while the gas used by the Sisters was for commercial as distinguished from domestic purposes, domestic gas service, by reason of the installation of the line, became available to the previously unserved residents along the line.

None of these instances were denied or explained by the appellant. Can it be said that such a record presents a total lack of evidence upon which to base the finding of public convenience? Here are instances where for many years a considerable number of the public had been unable to obtain gas service from appellant. Wichita is a growing, thriving community. The commission had a right to presume that, with these many instances where public convenience had not been served by the Wichita Gas Company, many more would occur as the town grew and expanded. Appellant seems to have the notion that, as long as there was a plentiful supply of gas furnished by it at the burner tips to the consumers then on its mains, it had fully discharged its duty to the public. This is not the rule. As long as there were any substantial number of consumers of gas at Wichita who wanted gas and couldn't get it the appellant was not meeting the public convenience, and the commission was justified in finding that public convenience required another company, when such a company presented itself ready to serve. The appellant argues that it is the province of the public service commission to protect the utility under its jurisdiction from competition, urging that since the regulation takes the place of competition, and that since to have competing companies in such fields as the providing of domestic gas necessarily entails a duplication of physical properties which must be extravagant and wasteful, the commission should protect the company which is already in the field from such a situation. The record of this case, however, shows that the Wichita Gas Company is bound by contract with another company to take its gas from this company at the city gate of Wichita at the rate of forty cents per thousand cubic feet. It shows that this company is an interstate one, not under the jurisdiction of the utilities commission, and as is well known by all who have followed the course of gas litigation in Kansas, its charges are entirely outside the power of the state to regulate. This company cannot say that its charges are so regulated by the commission as to do away with the necessity for competition. It cannot say that the public convenience has been served by it when there are a considerable number of people who were not able to get gas service until the Wichison company entered the field. We think the rule applying to cases of this kind was very well stated by this court in the case of *Kansas Gas & Electric Co. v. Public Service Com.*, 122 Kan. 462, 251 Pac. 1097, where the court said:

"Time and again this court, in consonance with the prevailing attitude of courts throughout the country, has declared that it will not substitute its judgment for that of some administrative tribunal created by legislative authority for dealing with matters of nonjudicial character; and certainly the question whether a competing gas company should be licensed to serve industrial plants in and around Wichita and Hutchinson is peculiarly a question for an official board to determine and one with which a judicial tribunal should be slow to meddle." (p. 468.)

The judgment is affirmed.