## ARKANSAS LOUISIANA GAS CO. v. FEDERAL POWER COMMISSION et al.

### No. 9329.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1940.

William C. Fitzhugh and H. C. Walker, Jr., both of Shreveport, La., for petitioner.

William S. Youngerman, Jr., General Counsel, Federal Power Commission, David W. Robinson, Jr., General Counsel, Federal Power Commission, and Richard J. Connor, Atty., Federal Power Commission, all of Washington, D. C., for respondent Federal Power Commission.

W. A. Delaney, Jr., and Vernon Roberts, both of Ada, Okl., and W. T. Anglin, of Holdenville, Okl., for respondent Louisiana-Nevada Transit Co.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Applying under Section 19 (b) of the Natural Gas Act, 15 U.S.C.A. §§ 717r (b),[1] as a party aggrieved by an order of the Federal Power Commission, petitioner seeks to review and reverse that order. The order complained of is one granting Louisiana Nevada Transit Company a certificate of public convenience and necessity, under Section 7 (c)[2] of the Natural Gas Act, 15 U.S.C.A. § 717f (c), to construct and maintain a gas pipe line from Cotton Valley Field in Webster Parish, Louisiana, to Okay, Oklahoma.

---

[1] "Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the circuit court of appeals of the United States * * * a written petition praying that the order of the Commission be modified or set aside in whole or in part. * * * Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. * * * The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. * * * The judgment and decree of the court, affirming, modifying or setting aside, in whole or in part, any such order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in sections 346 and 347 of Title 28, as amended."

[2] "No natural-gas company shall undertake the construction or extension of any facilities for the transportation of natural gas to a market in which natural gas is already being served by another

The complaint in general is that the finding of the commission as to the facts is not supported by substantial evidence, and therefore the order based on the finding may not stand. In particular, the complaint is that the only real facts shown in support of the application were that the applicant and the Ideal Cement plant at Okay wanted applicant to build the line in to serve the industrial enterprise; that the public interest or necessity was not served by the granting of the permit but on the contrary was disserved. That the permit was for construction into a territory and to plants of customers, already adequately served by petitioner, and the only result of the extension would be loss of revenue to petitioner which must be made up by raising the cost of the service to gas consumers generally. And this without benefit to anyone, except the applicant, since plaintiff could and would institute rates as low as those stipulated for in the granted permit.

In addition, there was an attack upon the permit on the ground that, containing conditions as to rates, etc., which, since the construction was to serve an industrial consumer, and not for the sale of gas for resale, it was beyond the power of the commission to impose, they made the certificate void and of no force. The commission and the applicant strongly oppose these contentions. They insist that the findings of public convenience and necessity are abundantly supported by evidence.

Here, the force of the arguments are directed to the intent and purport of Section 7 (c), prohibiting "the construction or extension of any facilities for the transportation of natural gas to a market in which natural gas is already being served by another natural-gas company," and particularly to the meaning the statute attaches to the certificate of the commission, made a requisite for such construction, "that the present or future public convenience and necessity require or will require such new construction or operation of any such facilities or extensions thereof."

Urging that the mischief aimed at is useless and costly duplication of service, the remedy, the protection of established lines against unnecessary and wasteful competition, while authorizing construction or extension where there is a real public need, petitioner insists that the words "the present or future public convenience and necessity" have a definitely established meaning under which the commission is not authorized to grant permits unless public, as opposed to private, convenience and necessity is clearly shown.

Applicant and the commission assert that in conditioning construction and extensions on obtaining certificates from the commission, Congress granted the commission wide discretionary powers, in determining whether such certificates should issue; that except as the Act requires the commission to give due consideration to the applicant's ability to render and maintain adequate service at rates lower than those prevailing in the territory to be served, Congress left it to the discretion of the commission to say whether conditions required the granting of the certificate; and that this discretion may not be interfered with except upon a clear showing of its abuse.

---

natural-gas company, or acquire or operate any such facilities or extensions thereof, or engage in transportation by means of any new or additional facilities, or sell natural gas in any such market, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity require or will require such new construction or operation of any such facilities or extensions thereof: Provided, however, That a natural-gas company already serving a market may enlarge or extend its facilities for the purpose of supplying increased market demands in the territory in which it operates. Whenever any natural-gas company shall make application for a certificate of convenience and necessity under the provisions of this subsection, the Commission shall set the matter for hearing and shall give such reasonable notice of the hearing thereon to all interested persons as in its judgment may be necessary under rules and regulations to be prescribed by the Commission. In passing on applications for certificates of convenience and necessity, the Commission shall give due consideration to the applicant's ability to render and maintain adequate service at rates lower than those prevailing in the territory to be served, it being the intention of Congress that natural gas shall be sold in interstate commerce for resale for ultimate public consumption for domestic, commercial, industrial, or any other use at the lowest possible reasonable rate consistent with the maintenance of adequate service in the public interest."

In support of its view that public convenience and necessity have acquired a definite and clearly established meaning and that the grant of power to the commission is in terms which clearly and precisely define that power, petitioner cites many cases to the effect that public convenience and necessity contemplates a definite public demand, or as some put it, a strong and urgent public need.[3] And it particularly relies on the dissenting opinion and the cases it cites, In re Louisiana Nevada Transit Co., 32 P.U.R.(N.S.) 219, (1940), and the opinion of the Pulaski Circuit Court in the same matter on review of the order of the commission.

■ On their side, the applicant, Louisiana Nevada Company and the commission, in support of their position that the powers delegated to it are very broad and the action of the commission will not be interfered with except in clear cases of arbitrary or ill considered action, cite many cases.[4] And in answer to petitioner's contention that the conditions imposed on the certificate were beyond the power of the commissioner to impose and render the certificate void, they cite: Day v. Public Service Comm. of Pennsylvania, 107 Pa.Super. 461, 164 A. 65; Board of Public Utility Comm. v. Sheldon, 95 N.J.Eq. 408, 124 A. 65. We do not find it necessary to go into or determine who has the right of it in the refinements each makes, on the one hand, upon the limitations on the commission's powers imposed by the use of the words "public convenience and necessity"; on the other hand upon the broad grant of powers the words import. For, we think it plain that taken in the most limited meaning, accorded to them

by petitioner, the evidence is sufficient to support the finding and order that, the present and future public convenience and necessity require the construction in question.

We need not, we do not, determine that if the construction was intended, as petitioner claims, only to serve and only served one or two industrial plants, already served by petitioner, the commission would be justified on that alone, in finding the existence of public convenience and necessity. For, the evidence shows that the construction will serve communities not now adequately served, and it is for the commission and not for us to say, upon the evidence in the record, whether that service will meet the present and future convenience and necessities of the public of that section.

■■ Neither do we find it necessary to determine whether, if it were an established fact that the effect of the extensions would be as petitioner claims to raise the cost of its services to consumers generally, this would require a refusal of the certificate. For the supposed raising of the rates for that service, are on this record, more matters of assumption than of proof, and the evidence on the point certainly left it open to the commission to say whether the claim that this would be the necessary result of the permitted new construction, was made out. Finally, we find nothing in the statute which prevents the commission from imposing in the interest of the public to be served by the construction, reasonable conditions upon the granting of a certificate of convenience and necessity, and we cannot agree with

3 Bell Coal & Navigation Company, 223 I.C.C. 433; In the Matter of the Application of the Atlantic & St. Andrews Bay Railway Co., 71 I.C.C. 784; Wisconsin Telephone Company v. Railroad Comm., 162 Wis. 383, 156 N.W. 614, L.R.A.1916E, 748; Russell v. Calhoun et al., 51 Wyo. 448, 68 P.2d 591; A & T Motor Freight, Inc. v. Public Utilities Comm. of Ohio, 125 Ohio St. 617, 184 N.E. 11; Chicago, R. I. & P. Railway Co. v. State et al., 126 Okl. 48, 258 P. 874; Canton-East Liverpool Coach Co. v. Public Utilities Comm. of Ohio, 123 Ohio St. 127, 174 N.E. 244; Atchison, T. & S. F. Railway Company v. Public Service Comm. of Kansas, 130 Kan. 777, 288 P. 755; Wisconsin Telephone Co. v. Railroad Comm. of Wisconsin et al., 162 Wis. 383, 156 N.W. 614, L.R.A.1916E, 748.

4 Union Cooperative Telephone Company v. Public Service Comm., 206 Wis. 160, 239 N.W. 409; Kansas Gas & Electric Company et al. v. Public Service Comm. of Kansas et al., 122 Kan. 462, 251 P. 1097; Federal Communications Comm. v. Pottsville Broadcasting Company, 309 U.S. 134, 60 S.Ct. 437, 84 L. Ed. 656; Federal Communications Comm. v. Sanders Brothers Radio Station, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869; San Diego & Coronado Ferry Co. v. Railroad Comm., 210 Cal. 504, 292 P. 640; Wichita Gas Company v. Public Service Comm., 132 Kan. 459, 295 P. 668; Wabash, C. & W. Railway Company v. Commerce Comm., 309 Ill. 412, 141 N.E. 212.

petitioner that their imposition in any manner effects or impairs the certificate.

But, if we could abstractly agree, this would not avail petitioner, for it is aggrieved, not by the imposed conditions, but by the granting of the permit and under the statute, it may complain here only of an order by which it is aggrieved.

If the petitioner is right that the conditions may not lawfully be imposed, this is for the applicant to complain of and obtain relief against, not for the petitioner. The petition is not meritorious. It is denied. The order of the commission is affirmed.