No. 37,264

UNION PACIFIC RAILROAD COMPANY, *Appellant,* v. THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Appellee.*

(194 P. 2d 939)

Opinion filed June 12, 1948.

*T. M. Lillard,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter,* all of Topeka, and *L. A. McNalley,* of Minneapolis, and *T. W. Bockes,* of Omaha, Neb., were with him on the briefs for the appellant.

*Douglas Gleason,* of Ottawa, argued the cause, and *Jay Kyle, L. L. Hughes,* both of Topeka, and *Dean McIntyre,* of Abilene, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment sustaining an order of the state corporation commission of Kansas, denying an application of Union Pacific Railroad Company for permission to discontinue the operation of certain passenger trains.

For convenience and in the interest of brevity the corporation commission will be referred to as the commission and the railroad company as the company throughout the course of portions of this opinion.

In November, 1946, the company made application to the commission for authority to discontinue the operation of its motor trains Nos. 531 and 532, over its Solomon branch between Beloit and Salina, Kan. On July 9, 1947, after holding a hearing on such application at Minneapolis, where all interested parties were permitted to adduce evidence, the commission denied the application. Subsequently it denied the company's application for a rehearing. Thereafter the company petitioned the district court of Dickinson county for a review of the company's order denying the original application and gave notice of its action in the manner provided by law. Thereupon, as required by statute (G. S. 1935, 66-118d), the secretary of the commission transmitted to the clerk of such district court a certified transcript of all pleadings, applications and proceedings had before the commission and the evidence heard by that body on such hearing together with all orders and decisions made by it with respect thereto.

In due time review of the commission's order came on for trial and in conformity with G. S. 1935, 66-118f, the district court heard the cause upon the issues presented by the evidence adduced before the commission and the record as certified. Based upon such record it found the order refusing the company permission to discontinue its passenger trains was lawful and reasonable and rendered a judgment sustaining it. Thereupon the company perfected this appeal and now specifies that the district court erred (1) in overruling its motion for a new trial, and (2) in rendering judgment holding that the order of the commission under review was lawful and reasonable.

Simultaneously with the rendition of its judgment the trial court handed down a memorandum opinion from which springs the primary question presented for appellate consideration. That memorandum is a part of the record and reads as follows:

"This is an application presented by the above named applicant to the State Corporation Commission of the State of Kansas for permission to discontinue the operation of motor cars on the Solomon Branch of the applicant's railroad, and the order. of the Commission denying the application is now before this court for review. The duties of this court in passing upon the questions presented by such a review are confined to a rather narrow scope by the legislature, and revolves itself into the determination of two questions: First, Was the order lawful? Second, Was the order reasonable?

"An examination of the record of the proceedings before the Commission would indicate that all the procedural forms prescribed by law have been complied with. This being true the first question must be answered in the affirmative. The order was lawful.

"An examination of the record of the proceedings before the Commission discloses that the order was made upon conflicting evidence. Under the narrow limits of the authority which the legislature has conferred upon the courts to deal with the powers vested in the Commission, before this court would be justified in setting aside an order of the Commission, based upon conflicting evidence, it would be necessary for the court to find that there is no substantial evidence upon which to base the order made in this case. There was substantial evidence in the record upon which the triers of the facts could base the order made: This court cannot weigh evidence in this sort of review, and having found that there is evidence upon which the order could be based, it follows that the second question must be answered in the affirmative, and that the order was not unreasonable.

"It follows that judgment must be for the defendant or respondent, sustaining the order."

Appellant's claim of error respecting the primary question to which reference has been made relates only to the last two paragraphs of the opinion just quoted. Briefly stated, conceding the finding the commission's order was lawful because prescribed procedural forms were observed in its rendition is sustained by the record, its contention is that such paragraphs show upon their face the trial court's decision such order was not unreasonable was predicated upon an erroneous conception of the duty imposed upon it by the statute (G. S. 1935, 66-118d) providing for the review of decisions made by the commission pursuant to the authority conferred upon that body by the provisions of G. S. 1935, 66-117. More specifically it takes the position that in the determination of the review proceeding it was the duty of the district court to weigh the evidence and determine for itself whether under all the facts and

circumstances disclosed by the record before it the commission's order was to be upheld or set aside and that its failure to do so requires a reversal of the judgment.

Decision of the issue thus raised necessitates reference to certain provisions of the statute prescribing the duties and authority of the district court upon the trial of appeals from orders of the commission refusing applications of common carriers to discontinue or make changes in existing train service. They read:

". . . Said proceedings for review shall be for the purpose of having the lawfulness or reasonableness of the original order or decision or the order or decision on rehearing inquired into and determined, and the district court hearing said cause shall have the power to vacate or set aside such order or decision on the ground that such order or decision is unlawful or unreasonable. . . . The procedure upon the trial of such proceedings in the district court and upon appeal to the supreme court of this state shall be the same as in other civil actions, except as herein provided. No court of this state shall have power to set aside, modify or vacate any order or decision of the commission, except as herein provided." (G. S. 1935, 66-118d.)

"No new or additional evidence may be introduced upon the trial or any proceedings for review under the provisions of this act, but the cause shall be heard upon the questions of fact and law presented by the evidence and exhibits introduced before the commission and certified by it. . . ." (G. S. 1935, 66-118f.)

"If the court upon such hearing shall find such order of the commission under review to be lawful and reasonable, it shall render judgment sustaining said order, . . ." (G. S. 1935, 66-118j.)

"If the court shall find that the order or decision of the public service commission is unlawful or unreasonable in whole or in part and shall vacate or set aside the order or decision in whole or in part, the court shall make findings of fact and conclusions of law, . . ." (G. S. 1935, 66-118k.)

Before further consideration is given to appellant's claim the trial court unduly limited the scope of review contemplated by the statute in the rendition of its judgment, it is well to note that we are not here dealing with a purely administrative order of the commission but one which is judicial in character. That this is true appears from the opinion in *Kansas Gas & Electric Co. v. Public Service Com.*, 122 Kan. 462, 468, 251 Pac. 1097, where it was said in effect that in the exercise of its powers to govern rates and services of public utility companies the lawful scope of the commission's orders is hedged about by statutory and constitutional guaranties and inhibitions and that its action with respect thereto is therefore judicial rather than administrative in nature.

When the sections of the statute heretofore quoted are carefully

analyzed, it clearly appears that on review of an order of the commission involving changes in rates and services the district court in which the proceeding is pending (1) has power to vacate or set aside the order on the ground it is unlawful or unreasonable; (2) is required, upon trial of such a proceeding, to hear the cause upon the questions of fact and law presented by the entire record as certified by the commission; and (3) is directed and required to find the order under review is either (a) lawful and reasonable, or (b) unlawful and unreasonable. Definitely, such sections limit the scope of the district court's authority to the inquiry whether the order issued by the commission is lawful or reasonable. Just as definitely in the exercise of that limited function, we believe the reviewing tribunal is required to base its independent decision upon the facts and circumstances to be gleaned from the entire record and in doing so it may weigh evidence solely for the purpose of determining whether such order is reasonable. To hold otherwise with respect to judicial orders of the commission renders farcical the power and authority vested in the district court under the sections of the statute to which we have referred and completely nullifies the intent and purpose evidenced by the legislature in their enactment.

As applied to the instant proceeding the construction we give the statute compels the conclusion appellant's contention the judgment sustaining the commission's order was predicated upon an erroneous conception of the duty imposed upon the district court by law must be upheld. From the memorandum opinion there can be no question the trial court considered its duty on appellate review was to uphold the order appealed from if the record disclosed any evidence to sustain it. In our opinion it was required to weigh the evidence and determine whether from all the facts and circumstances disclosed by the record the commission's order was reasonable. Its failure to do so deprived the appellant of the full and complete review to which it was entitled and requires the granting of a new trial.

In reaching the conclusion just announced we have not failed to consider appellee's argument that our decisions in *Wichita Gas Co. v. Public Service Com.*, 132 Kan. 459, 295 Pac. 668, and *Southern Kansas Stage Lines Co. v. Public Service Comm.*, 135 Kan. 657, 11 P. 2d 985, are authority for the holding of the trial court that presence in the record of any evidence upon which the commission's order could be based required the rendition of a judgment sustaining it as not unreasonable. Both decisions deal with orders, adminis-

trative in nature, pertaining to the issuance of certificates of convenience and necessity and are not to be regarded as decisive in determining the power and authority conferred or the duty imposed upon the district court by the legislature in the disposition of appeals from orders which can be classified as judicial in character. We are not presently concerned with appeals from administrative orders and therefore not now required to reëxamine the rule announced in those decisions.

Since the cause must be remanded for a new trial appellant's contention with respect to the responsibility of this court in the disposition of appeals from judgments of the trial court sustaining or setting aside orders of the commission need not be now determined.

The judgment is reversed with directions to grant a new trial.

Cowan, J., not participating.