This cause came on to be heard upon the petition in error, the cross-petition in error, and the transcript of the record of the Public Utilities Commission of Ohio, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this court, that the order
 
 *473
 
 of the said Public Utilities Commission be, and the same is hereby, reversed for the reason that the same is unlawful. The Public Utilities Commission did not comply with the provisions of Section 614-91, General Code, by giving the Baltimore & Ohio Railroad Company, operating in the territory through which the applicant for a certificate of convenience and necessity proposes to operate, at least ten days’ notice of the hearing upon such application
 
 (Buckeye Stages, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 127 Ohio St., 575), and the failure of the Public Utilities Commission to give the statutory notice was not waived by the fact that the Baltimore
 
 &
 
 Ohio Railroad Company had knowledge of the filing and pendency of an application for a certificate prior to the decision of the commission thereon, especially since the order which the commission finally granted exceeded the terms of the request contained in the application originally filed.
 

 It is further ordered that this proceeding be remanded to the Public Utilities Commission for further proceedings according to law.
 

 Order reversed.
 

 Weyganbt, C. J., Stephenson, Jones, Matthias, Bevis and "Wilkin, JJ., concur.
 

 Zimmerman, J., not participating.