Jones, J.
 

 Section 614-91, G-eneral Code, requires that when applications for certificates to operate between fixed termini are filed, the Public Utilities Commission shall give written notice of such filing to like transportation companies operating in the territory through which the applicant proposes to operate. When a hearing date is fixed by the commission, it is required to give the applicant and the other transportation companies operating in the same territory at least ten days notice of the time of hearing. The notices required to be given pursuant to the foregoing code section were not here given, and for that reason the plaintiffs in error challenge the jurisdiction of the commission to hear Watson’s application resulting in the order of extension made April 20, 1931, and contend that it is void. The commission found that the plaintiffs in error had actual notice of the filing and pendency of Watson’s application for an extension. The application was granted on April 20, 1931. No complaints against such order of extension were made until December 4, 1933, more than two years and seven months after the order of extension was made.
 

 The record discloses that during this intervening time the respondent was engaged in actual operation under its certificate of extension, that the applicant for extension had caused public notices of the application to be published in newspapers of general circulation in the counties through which the applicant proposed to operate, and that officials of two of the plain
 
 *589
 
 tiffs in error, at or shortly after the extension order had been granted by the commission, wore advised of intended operations of respondent between Cleveland and Elyria under the extension order.
 

 ■ The plaintiffs in error offered no testimony substan- ■ tially controverting these facts, but rest on their legal contention that, because of its failure to give the notice required by Section 614-91, General Code, the commission acted without jurisdiction and its order of April 20,1931, was null and void.
 

 That brings us to the crucial question, whether the plaintiffs in error, under the situation presented, are now estopped from attacking an order made- two years and seven months prior to the filing of their several complaints for vacation; and whether by their knowledge and conduct they have waived their right to challenge the order of extension made on April 20, 1931.
 

 Motor transportation companies in this state acquire no vested right for unlimited continuous operations over the state highways. Their certificates may be amended, revoked for cause, or otherwise impinged upon by the grant of other certificates over the same route, when public convenience and necessity is thereby subserved. The commission had undoubted jurisdiction of the' subject-matter. "Whatever failure of jurisdiction may have been lacking in the proceeding instituted in March, 1931, it consisted in the failure to obtain personal jurisdiction over the parties entitled to notice. The latter may be, and in this case was, waived by the complainants in permitting the respondent to operate under its amended certificate, with full knowledge of the operation thereunder, and by waiting for so long a period of time before entering their complaint before the commission. They failed to make timely protest.
 

 The plaintiffs in error rely on the case of
 
 Erie Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 128 Ohio St., 472, 191 N. E., 782, where this court held that the failure of
 
 *590
 
 the commission to give the required statutory notice was not waived by the railroad company by reason of the latter’s mere knowledge of the filing and pendency of an application for a certificate prior to the decision of the commission. That case is authority supporting the principle that in proper cases the principle of estoppel or waiver may be invoked; but the features distinguishing that case from this are, first, that while the railroad company knew of the application and its filed request it was not presumed to know that the terms of the application would be later enlarged in the final order, to its prejudice; and second, that when it did learn of the order it filed a timely protest by seeking its vacation shortly after the order was made.
 

 The order of the Public Utilities Commission is affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Stephenson, .Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.