By the Court.
 

 Three main reasons are assigned by the appellants as to why the order of the Public Utilities Commission should be reversed:
 

 
 *394
 
 (1) The Springfield-Xenia Transportation Company is insolvent, and the order of the commission was therefore unreasonable and unlawful under authority of
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 80, 155 N. E., 694.
 

 (2) Absence of essential proof to establish public convenience and necessity for the proposed extension, in view of the existing transportation facilities in the territory.
 

 (3) Failure of the commission to give notice to all existing transportation companies operating in the territory to increase their service within not less than sixty days, as required by Section 614-87, General' Code, whereby the commission lacked jurisdiction to grant amendment of the certificate.
 

 1. An examination of the financial statement of the Springfield-Xenia Transportation Company as of May 1, 1935, discloses on its face an excess of liabilities over assets in the sum of $2,913.89. However, the principal item listed among liabilities is a charge of $4,309.16 owed the Dayton
 
 So
 
 Xenia Railway Company for management and ofSce expense. The latter company owns the transportation company, and it is plain from the record that the charge mentioned is no more than a bookkeeping proposition, to be collected only when and if the earnings of the transportation company warrant. In other words, it did not constitute a true liability to be taken into account in determining the solvency of the transportation company.
 

 It appeared that outside of such charge the financial condition of the transportation company was satisfactory, and that it was paying its current obligations.- Thereupon, the commission determined that the case of
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities Commission, supra,
 
 was not controlling, and that the application for the extension should not be denied on the ground of insolvency.
 

 
 *395
 
 Its conclusion in this respect, we think, was justified, and we find no sufficient cause for rejecting it.
 

 2. In support of the public convenience and necessity for the extension of its service between Xenia and Dayton, the transportation company produced as witnesses several representative and substantial business men of Dayton, Springfield and Xenia, whose testimony was favorable to such contention.
 

 The commission also took cognizance of other persuasive factors. It considered the long-time operation of the affiliated electric railway lines between Dayton and Xenia and Xenia and Springfield, and their relationship to the transportation company. It regarded the prospective operation of the transportation company between Springfield and Dayton, via Xenia, not as a new and independent project, but in the nature of an improved and more modern substitute for the former electric service over practically the identical route.
 

 Additional facts noted by the commission were that if the application should be granted no precise duplication of the routes followed by the protestants would occur; that protestants were not in a present position geographically or otherwise to meet adequately and satisfactorily the needs of shippers, actual and prospective, who used and might use the facilities of the transportation company along the route to be covered, and that if the application was not granted the latter company could not long survive.
 

 Summarizing this phase of the controversy, the commission said in its opinion:
 

 “The granting of the application for the extension as applied for will bring about an improvement of an existing service by substituting through operations of motor equipment for the present combined tiuck and traction service, and will not derange nor wrongfully or adversely affect the rights of any existing carriers.” Appellants rely on the case of
 
 New York Central
 
 
 *396
 

 Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596, as dispositive of the instant case in their favor, while the appellee cites the case of
 
 Railway Express Agency, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 159, 174 N. E., 356, as sustaining its position.
 

 Because of the unusual and peculiar facts of the present case, neither of the cited cases is decisive. If either may be applied, we consider the latter more nearly in point because of its approval of a substitute service for one which had ceased to function. The former dealt with supplemental service to an existing transportation system the continuance of which was assured.
 

 This court has long adhered to the rule that on error proceedings from the Public Utilities Commission it will not substitute its judgment for that of the commission on questions of fact, unless the order of the commission is clearly against the weight of the evidence and is unlawful or unreasonable.
 

 Considering the unusual combination of facts developed in the instant case, the problem was one particularly within the discretionary province of the commission, and, its conclusion finding support in the evidence, we are neither prepared nor willing to disagree.
 

 3. Section 614-87, General Code, provides in part:
 

 “On finding of the public utilities commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is cancelled or a new one granted over the route or for the territory mentioned in the finding and order of or hearing before the public utilities commission.”
 

 The commission found such section not to be per
 
 *397
 
 tinent because the protestants did not operate over the route or serve the territory that would be served if the application of the transportation company were granted.
 

 It is pointed out that if the protestants were permitted to provide the service as contemplated by the application in question, they would acquire the arbitrary right to operate between Springfield and Xenia, which is territory foreign to their authorized and established routes.
 

 Furthermore, the commission reiterated its previous observation that under the circumstances of the case the extension of the motor truck operation between Xenia and Dayton was but an improved and more convenient substitute for the traction service to be abandoned.
 

 "We therefore agree with the commission on the inapplicability of Section 614-87, General Code, to the situation under examination.
 

 Being satisfied that the order of the Public Utilities Commission is neither unlawful nor unreasonable, it is in consequence affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.