*575
 
 By the Court.
 

 It is shown by the record in this proceeding that the original Dayton-Lima restriction was embodied in the certificate of the bns company for the benefit of its parent company and that the removal of the restriction was requested by the bus company after its parent company had abandoned interurban electric service. The elimination of the purpose of the restriction, in which the bus company originally acquiesced, should entitle it to greater consideration in receiving rights theretofore denied by such restriction. The record further shows that the rights of the parent interurban company were protected by continuing the Dayton-Lima restriction in the certificates held by the motor freight company and its predecessor in title.
 

 It should be borne in mind that this is not a proceeding wherein two applicants s'eek permission to operate over the same route,-but it is one in which two certificated operators between the same termini but by different routes contest over the additional benefits which will accrue from the removal of the restriction. We hold that the commission did take into consideration existing transportation facilities in the territory, including the most direct route.
 

 During the hearing the motor freight corporation mistakenly maintained it possessed the right under certificate No. 300 to handle through traffic between Dayton and Lima, thereby necessarily admitting public convenience and necessity, but it was conclusively established that no such right existed by the direct route set forth above. Therefore the contention of the appellant before the commission tended to prove that public convenience and necessity would be served by such through service.
 

 In Gilbert,
 
 d. b. a.,
 
 v.
 
 Public Utilities Commission,
 
 131 Ohio St., 392, 3 N. E. (2d), 46, a comparable situation was involved, with the exception of the question of the financial status of the successful applicant in
 
 *576
 
 that proceeding. The decision in that case as expressed in the
 
 per curiam
 
 opinion determines the present controversy as to (1) the substitution of one type of service for another type which had ceased to exist, (2) the inapplicability of Section 614-87, General Code, and (3) the discretionary province of the commission in dealing with problems of fact.
 

 We are of the opinion that Section 614-87&, Genera] Code, likewise does not apply in this controversy.
 

 Order affirmed.
 

 Weygandt, O. J., Day, Zimmerman, Williams, Myers, Matthias and Kart, JJ., concur.