*155
 
 By the Court.
 

 The assignments of error will be summarized and decided under the following questions :
 

 1. Did applicants establish actual necessity and public convenience?
 

 The record is replete with testimony proving both. The doctrine of estoppel pronounced in
 
 Liberty Highway Co.
 
 v.
 
 Public Utilities Commission,
 
 128 Ohio St., 586, 193 N. E., 407, applies to appellant.
 

 2. Were only private interests involved, since the Frigidaire plant is the sole shipper concerned?
 

 It is claimed that the commission failed to follow the principles announced in
 
 McLain
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 1, at page 5, 132 N. E., 381;
 
 Continental Freight Forwarding Co.
 
 v.
 
 Public Utilities Commission,
 
 126 Ohio St., 16, 183 N. E., 790; and
 
 Lima-Toledo Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 121 Ohio St., 421, 169 N. E., 445. The facts in those cases readily distinguish them from the established facts in the present controversy.
 

 3. Did the commission observe the 60-day provisions of Sections 614-87 and 614-87&, General Code?
 

 The long-time operations by the applicants and the unusual facts bring these proceedings within the reasoning applied in affirming the order of the commission in the case of
 
 Gilbert, d. b. a. Dayton-Xenia-Wilmington Truck Line,
 
 v.
 
 Public Utilities Commission,
 
 131 Ohio St., 392, 3 N. E. (2d), 46.
 

 4. Were the applicant corporations without legal capacity due to noncompliance with Section 614-53
 
 et seq.,
 
 General. Code ?
 

 This contention is comparable to that considered and decided in
 
 Cincinnati Traction Co.
 
 v.
 
 Public Utilities Commission,
 
 113 Ohio St., 668, at 676, 150 N. E., 308. It might be observed further that the record does not disclose a disposition upon the part of applicants to defy the orders of the commission.
 

 
 *156
 
 5. Was the applicant Harnett , a motor transportation company?
 

 Counsel for appellant in his brief sets forth provisions of Sections 614-84 and 614-103, General Code, without citation of authority or recitation of facts other than those set forth upon the second question above. Counsel for appellant does not discuss
 
 Breuer
 
 v.
 
 Public Utilities Commission,
 
 118 Ohio St., 95, 160 N. E., 623 (which holds in the first paragraph of the syllabus that it is a question of fact whether an operator is a common carrier and is carrying on his business in that capacity), or
 
 Larkin, d. b. a. Larkin Motor Freight Terminal,
 
 v.
 
 Public Utilities Commission,
 
 124 Ohio St., 554, 180 N. E., 54, both of which eases apply to the instant proceedings upon the question of common carrier.
 

 Denial of equal protection and deprivation of property without due process, contrary to the federal and state Constitutions, are assigned but not briefed.
 

 We are of opinion that the orders of the commission are neither unlawful nor unreasonable and they are therefore affirmed.
 

 Orders affirmed.
 

 Weygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur. •
 

 Turner and Bettman, JJ., not participating.