By the Court.
 

 Three questions are argued in the-brief of counsel for the present appellants. Two of the questions were adjudicated in the former appeal,.
 
 *293
 

 i. e.,
 
 the legal capacity of the applicant to hold a certificate and the reasonableness and lawfulness of the order of the commission finding that public convenience and necessity required the granting of the certificate.
 

 The only question remaining for consideration, therefore, is whether the finding of the commission, that the reports of the appellants as existing certificate holders as to their compliance did not “constitute a compliance with the order of the commission to improve their service,” was unlawful or unreasonable. That finding
 
 per se
 
 was not before this court in the former appeal.
 

 It appears from the record that applicant originally sought a certificate to operate only one van; that at the time of the hearing before the attorney examiner as to compliance by protestants, the application had been amended to permit the operation of three vans; and that the protesting appellants had provided nine additional vehicles. The record establishes that there existed a demand for service which had not been met at that time and, therefore, the commission was warranted in concluding that existing certificate holders had failed to provide necessary service. As stated in the syllabus of
 
 Adams
 
 v.
 
 Public Utilities Commission, supra,
 
 certificates are granted for the benefit of the public and not the recipients of the certificates. See, also,
 
 Commercial Motor Freight, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 138 Ohio St., 151, 33 N. E. (2d), 989, which involved an appeal from an order of the commission finding that an existing operator had not expanded or increased its service as the commission had found to be necessary.
 

 The burden was on the protestants to satisfy the commission and, as stated in
 
 Adams
 
 v.
 
 Public Utilities Commission, supra,
 
 at page 259, this court will not interfere unless the finding and order of the commission
 
 *294
 
 is manifestly against the weight of the evidence or is unreasonable or unlawful.
 

 The order of the Public Utilities Commission is affirmed.
 

 Order
 
 affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.