Robinson, J.
 

 The Mid-Western Motor Transit, Inc., is a New Jersey corporation, an interstate motor transportation company, and has a route enter
 
 *128
 
 ing Ohio at East Liverpool, thence through Canton, Wooster, Mansfield, Bucyrus, Bellevue, Fremont, and Toledo, and across the Ohio-Michigan state line. It filed an application with the Public Utilities Commission of Ohio for a certificate of convenience and necessity to operate as a limited intrastate motor transportation company over the same route, and, in conjunction with its interstate operation, to take on passengers at East Liverpool, Lisbon, Minerva, Canton, Massillon, Wooster, Mansfield, Crestline, Bucyrus, Bellevue, Fremont, and Clyde, for transportation to other points along its interstate route within the state.
 

 It operates in its interstate operation twenty-four hours per day, with two busses each way. It does not seek permission to operate any additional busses.
 

 The plaintiffs in error, and others serving the same territory, but not here protesting, are intrastate motor transportation companies and interurban railroads now lawfully operating over their respective routes in and serving the same territory as the Mid-Western Motor Transit.
 

 The plaintiffs in error filed protests in writing with the Public Utilities Commission. A hearing was had by the commission, and several findings and final orders were made. The ultimate finding and final order granted to the Mid-Western Company a certificate of convenience and necessity to operate its interstate busses in intrastate operation and to take on and discharge passengers along its interstate route within the state of Ohio, with restrictions against picking up and discharging passengers whose entire ride will be between Bucyrus and
 
 *129
 
 Wooster, Bucyrus and Bellevue, Toledo and Bellevue, Wooster and Canton, and Canton and East Liverpool.
 

 The cause is here for review.
 

 An operator of an interstate motor transportation service, seeking a certificate of convenience and necessity to operate an intrastate motor transportation service, stands in no more favorable position by reason of his possession of an interstate certificate than he would without such certificate, since his possession of such certificate is not predicated upon the existence of a convenience and necessity. The burden upon such applicant of showing convenience and necessity is the same as though he were making his initial appearance in the motor transportation world. His burden is to show both a convenience and a necessity, and also that his intrastate operation will not be at the expense of existing transportation service, the operators of which are rendering, or are willing to render, reasonably adequate service.
 

 The record discloses that all the territory has transportation service; that the additional service would be a convenience to occasional persons who might desire to travel from one point within the state to another point within the state — such a convenience as no doubt exists in every territory, along every public road, private road, and byway within the state.
 

 Of course, it must be conceded that every additional transportation service in every territory, where people live or where people go, may reasonably be expected to be at some time a convenience to some one, and probably to many; and the Legislature must have known that any public transporta
 
 *130
 
 tion operation, anywhere within the state, would be a convenience to some degree to the inhabitants of its territory and to the persons desiring to go into or out of such territory. The Legislature, however, was not attempting to make a certificate to operate available to every one who might apply, but was attempting to regulate the number of operations, the places of operation, and the character of the operation; and so it provided that, before a certificate could issue, not only a convenience but a necessity for such operation should exist. Of course, by reason of the diversity of conditions existing in different territories, that which might' be a necessity in one territory would be only a convenience in another. For instance, in a congested center where it is difficult to move the volume of traffic over available avenues, anything which tends by through or diverting service to speed the traffic, or relieve the avenues of a portion of the burden of traffic, might in that situation be a necessity, but would not be a necessity at all in a less populous district.
 

 Perhaps it will not do to give to the word “necessity” its literal meaning and hold that, before a certificate can issue, there must be an absolute requisite for a motor transportation service; but it must not be wholly devitalized by interpreting it as synonymous with convenience. Necessity, perhaps, in its reference to transportation facilities, may best be construed as contemplating a definite public need for a public transportation service in a territory where no reasonably adequate public service exists. It does not contemplate that every prospective customer .may have a nonstop service from the point where he becomes a passenger to the point of his
 
 *131
 
 destination, nor that he may have an air line between such points, bnt only that the public generally, of every territory sufficiently populous to justify the maintenance of a public transportation, shall have reasonably adequate service.
 

 The showing in this case did not amount to a showing of necessity, as we interpret the meaning and intention of the Legislature in the use of that word, but only amounted to a showing of convenience.
 

 We can not escape the conclusion that the fact that the applicant possessed an interstate certificate over the same route, and by its application for an intrastate certificate simply sought permission to supplement its interstate service by an intrastate service, without either increasing its equipment or changing its schedule, was the controlling consideration in the minds of the commission in the finding and order made. An affirmance of such finding and order would but indicate a convenient and effective way to secure a certificate of convenience and necessity to operate a motor transportation company within the state wherever and whenever an applicant has established an interstate route, the establishment of which the commission was without power to prevent.
 

 This court finds that the order of the Public Utilities Commission was unreasonable and unlawful.
 

 Order reversed.
 

 Marshall, C. J., Kinicade, Jones, Matthias and Allen, JJ., concur.