By the Court.
The White Star Bus Line Company held an interstate certificate authorizing it to operate busses west through Ohio from the Ohio-West Virginia state line at Steubenville via Cadiz, Uhrichsville, Columbus, Springfield, Dayton and Eaton to the Ohio-Indiana state line. It filed an application with the commission asking that its interstate certificate be amended so as to permit it to carry intrastate passengers over said route. The Pennsylvania General Transit Company also filed its amended application asking for an intrastate certificate over the identical route by which the White Star Bus Line Company proposed to serve the public. Among other existing transportation companies who are plaintiffs in error are the following: The Columbus & Zanesville Transportation Company, operating between Newark and Columbus; the Red Eagle Bus Company, operating between Dennison and Coshocton; the Cincinnati & Lake Erie Railroad Company, and its subsidiary, operating westward via Dayton and Eaton. Those protestants contend that there is no public necessity or convenience requiring the intrastate operation either by the White Star Bus Line Company or the Transit Company; they also claim that the public is being adequately *657 served by tbe existing transportation lines in the territories severally oeenpied by them.
The commission, with one member dissenting, granted the amended application of the White Star Bus Line Company and denied the amended application of the Pennsylvania General Transit Company. The dissenting member held that, if there was a public necessity and convenience for an intrastate operation over the route, the certificate should be granted to the transit company, and placed reliance upon the following authorities as sustaining his opinion: Egyptian Transportation System, Inc., v. Louisville & Nashville Rd. Co., 321 Ill., 580, 152 N. E., 510, decided by the Supreme Court of Illinois; Monongahela West Penn Public Service Co. v. State Road Commission of W. Va., 104 W. Va., 183, 139 S. E., 744, decided by the Supreme Court of Appeals of West Virginia.
A rehearing having been denied, error proceedings were instituted in this court seeldng a reversal of the order of the commission. The White Star and Transit Companies are in agreement in supporting the issue that public convenience and necessity require the granting of an intrastate certificate from the West Virginia-Ohio state line to the Ohio-Indiana state line. The majority of the commission are of the same opinion, holding that such through intrastate service is necessary because of the fact that the existing transportation lines, occupying various portions of the route, do not give adequate through service on account of the many connections and layovers required for through service and because of the lack of co-ordination of bus operations between the existing transportation companies. The opinion *658 of the commission alludes to such situation at some length, finding that under present conditions a person desiring to travel from Steubenville to Columbus over this route is required to take longer time to make the trip; is compelled to submit to frequent lay-overs and to make five changes of busses; and that from Columbus to points west over the route substantially the same conditions exist. The commission, in denying the protests of the existing transportation companies, protected their interests by restricting the operation of the through route certified so as “ to prohibit the picking up and discharging of passengers between Dayton and Columbus and intermediate points, and vice versa.” Like restrictions were made protecting other existing transportation companies between other zones of operation.' We are not inclined to challenge the findings of the commission or to overrule the order made in respect -to the protests of existing transportation companies.
We are therefore confronted with the determination of the question whether under, the evidence disclosed by this record the certificate for intrastate operation from one state line to the other should be given to the White Star Bus Line or to the Pennsylvania General Transit Company. Both of these applicants possessed interstate certificates for operation over the route in question; but the possession of such certificate placed its owner in no more favorable position than if it had not acquired it, since .its issue was not predicated upon the existence of public convenience and necessity. Canton-East Liverpool Coach Co. v. Public Utilities Commission, 123 Ohio St., 127, 174 N. E., 244.
*659 It is almost impossible to apply a hard and fast rule to cases of this character; each must stand upon the peculiar facts and circumstances tending to prove public necessity and convenience, for that has been established as the pole star for the guidance of the commission and the court. .When public convenience and necessity have been established for the operation of a route, and applied for by one or more applicants, other features must be given consideration: whether a favorable grant to an applicant would create such a monopoly over transportation in the territory as would prevent competition; whether the granting of a new certificate, over the protest of an existing transportation company, would probably result in such ruinous competition as would impair or jeopardize the public service; whether, in case of two or more applicants for a route, all other things being equal, one applicant possesses a much greater degree of financial responsibility than the other; and whether, in the same situation, the operation by one company would create a greater burden upon our public highways than would the operation of other companies applying for the same route.
Without citing the many authorities decided by this court touching the regulation of our public highways, it may be said that it has been the established policy of this court to protect existing lines of transportation and to refuse certificates to new operators where the existing lines of transportation adequately furnish transportation to the public; and this is true whether the existing lines be motor transportation companies, interurban companies, or railroad companies; and we think this was also the legislative policy.
*660 The record discloses that the Pennsylvania Railroad Company, of which the Transit Company is a subsidiary, has for a long term of years been furnishing interstate and intrastate railroad transportation along this route; that the purpose of the Transit Company’s application is to supplement railroad service by co-ordination of that service with intrastate bus operations from Steubenville to the Indiana line. The commission stated in the majority opinion that the installation of operation by the "White Star Bus Line would not injure the Pennsylvania Railroad to any appreciable degree. But it is not disputed that by reason of the use of private and public motor vehicles the railroad company has annually suffered diminishing revenues from passenger traffic for a period of years prior to the Transit Company’s application for an intrastate route; and there is no doubt that if the White Star Line should be permitted to occupy this new route along the railroad line such operation would further curtail the passenger revenues of the railroad company, which the latter now seeks to safeguard by means of bus operations along its lines in Ohio.
These reasons lead us to the conclusion that, as between the applications of the White Star Line and the Transit Company, the latter should have been awarded the certificate. The case of N. Y. Central Rd. Co. v. Public Utilities Commission, ante, 370, 175 N. E., 596, does not apply to this situation, since the White Star Line was not an existing corporation occupying the intrastate route from West Virginia to Indiana. The case is more germane to the claim made by the existing transportation companies. However, that case may be distinguished *661 from the present one in that the commission found in the New York, Central Rd. Co. case that there was no public convenience and necessity for freight service, and that the services furnished by the existing facilities were reasonably adequate. In the instant case the commission found that the services of the existing companies in transportation of passengers over the entire route were inadequate; and further found that public necessity and convenience required the character of intrastate passenger service applied for by the applicants. From the opinion it is also apparent that the majority of the commission thought that, since the White Star Line would operate over the proposed route in its interstate operation, the granting to the Transit Company of a certificate to operate over the same route would place an additional burden upon the public highways. However, in answer to that, the Transit Company advised the commission during the hearing that it proposed to use “busses now operated in interstate service by the Greyhound lines in this service so that there would be no additional busses on the highway.” It appears from the record that the Greyhound lines (an affiliated company) are now operating along this proposed route west of Columbus, and that east of Columbus they are running via the National Highway to Bridgeport, Ohio; and the commission was advised that a sufficient number of busses would be transferred from the Greyhound lines to the proposed route of the Pennsylvania General Transit Company east and west of Columbus, thus minimizing the burden that would otherwise be placed upon the public highways.
The court is of the opinion that the commission *662 erred in awarding the certificate to the White Star Bus Line Company; that under the state of this record, upon compliance with its purpose to transfer and operate busses of the Greyhound line over the route applied for, and in the manner proposed by it on the hearing, the Transit Company’s amended application for intrastate operation from one state line to the other should be granted.
The order of the commission awarding the certificate to the White Star Bus Line Company is unlawful and unreasonable; it is therefore reversed, and the cause will be remanded to the commission, with instructions to grant the amended application of the Pennsylvania General Transit Company, in accordance with this opinion, subject to the restrictions it has heretofore ordered protecting each of the existing intrastate transportation companies, including the intrastate operation between Cadiz and Steuben-ville.

Order reversed and cause remanded.

Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.
Allen, J., not participating.