Allen, J.
 

 The plaintiff in error’s main contention is that there is no evidence showing reasonable adequacy of service of the nature applied for presented in this record. Since this court will not substitute its own judgment for that of the Public Utilities Commission upon the facts contained in the record, unless an order based thereon is against the manifest weight of the evidence
 
 (Lykins
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 376, 154 N. E., 249), we proceed to consider whether the order of the commission is unreasonable or unlawful in that regard.
 

 "With reference to the application for the irregular route, the only testimony offered upon that point by the applicant was that a number of telephone calls had come into the office of the Federal Express, an interstate
 
 motor
 
 transportation company operated by the officers of the A.
 
 &
 
 T. Motor Freight, Inc., asking the Federal Express to handle full intrastate loads between special points. No evidence whatever was adduced to show that those telephoning for such service did not avail themselves of the services of some of the seven protesting certificated motor transportation companies which operate in irregular intrastate service to and from Toledo.
 

 It has been many times held that the applicant for a certificate must prove that the public convenience and
 
 *619
 
 necessity require the service.
 
 Lima-Toledo Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 121 Ohio St., 421, 169 N. E., 445. The commission therefore did not err in refusing the irregular certificate.
 

 Thirteen common carriers, both railroads and motor trucking companies, protested the application for the regular route. The applicant presented four witnesses, testifying as to the desirability of the particular service to be rendered by its company if the application should be granted. These witnesses stated in substance that they' could not get overnight service from the trucking operations already existing between Toledo, Akron and Kent. On the other hand, two of the witnesses for the applicant admitted receiving next forenoon deliveries between the points in question from existing carriers, and all admitted getting next day service.
 

 Evidence that an applicant for a certificate to operate a trucking service for freight will render delivery an hour or two quicker than existing motor transportation companies does not dispense with the statutory requirement that the applicant shall prove that public convenience and necessity require the service. Proof of convenience only does not constitute proof of necessity.
 

 “2. . A ‘necessity’ for motor transportation service as contemplated by the motor transportation act [Section 614-84,
 
 et seq.,
 
 General Code] is not synonymous with a ‘convenience,’ but is a definite need of the general public for a transportation service where no reasonably adequate service exists.
 

 “3. ‘Reasonably adequate’ does not contemplate the highest character of service, either as to frequency or directness, but only contemplates a service which, when measured by the expense of the service, the volume of traffic and the needs of the public, is practicable.”
 
 Canton-East Liverpool Coach Co.
 
 v.
 
 Public
 
 
 *620
 

 Utilities Commission,
 
 123 Ohio St., 127, 174 N. E., 244.
 

 It was testified positively in the record that an abundance of freight service exists between the points in question, both by railroad companies and by motor transportation companies. The motor transportation companies do give either next forenoon or next day service. The companies in question are the Cleveland, Canton & Columbus Motor Freight Company, operating, via Mansfield, Ohio; seven motor transportation companies which it is not necessary to name, which make direct connection at Cleveland for Toledo with the Lake Shore Electric Company; the Liberty Highway Company, which makes direct connections with the Frazier-Young Trucking Company, carrying freight between Cleveland, Akron and Kent, and the Norwalk Truck Line Company, which makes direct connection for Akron and Kent deliveries from Toledo. Some of these transportation facilities operate at practically all hours of the day ánd night.
 

 Upon a consideration of the entire record, we do not find that such a definite need of the general public for this transportation exists as is claimed by the applicant. Hence the Public Utilities Commission was justified in denying the applications for both the irregular and the regular route, and the orders attacked in this error proceeding are not unreasonable or unlawful.
 

 Orders affirmed.
 

 Marshat.t., C. J., Jones, Matthias, Hat, Kinkade and Stephenson, JJ., concur.