Stephenson, J.
 

 Applicant contends that a certificate should have been issued to it for several reasons, to wit:
 

 (a) There is no certificate covering Ohio-United States Route No. 42;
 

 
 *18
 
 (b) Ohio-United States Route No. 42 is the shortest route between Cincinnati and Cleveland;
 

 (c) That applicant offers a through route from one terminus to the other;
 

 (d) That it will leave its Cincinnati terminus later and deliver its freight in Cleveland earlier;
 

 (e) That it will make no pick-ups between termini, but handle through freight exclusively;
 

 (f) That there is public demand for such service;
 

 (g) That such service is necessary; and
 

 (h) That such service will inure to the public convenience.
 

 Cincinnati and Cleveland are connected by four lines of steam railroad, viz.: The Baltimore & Ohio, the Erie, the Pennsylvania, and the New York Central; by a connecting and co-ordinated truck service furnished by the Cincinnati, Middletown & Dayton and the Cleveland, Canton & Columbus Trucking Companies; by a through electric interurban service furnished by the Cincinnati & Lake Erie and the Lake Shore Electric, and by the service of Railway Express Agency, which conducts its operations both by rail and by air. With these various services available to take care of the demands for public transportation, the Continental Freight Forwarding Company filed its application for a certificate of public convenience and necessity covering a proposed truck operation between Cincinnati and Cleveland. All of the common carriers operating between these two points, either by rail or by highway, appeared as protestants.
 

 Testimony was offered by applicant to prove the necessity for and'the public convenience that would be subserved by the granting of the certificate applied for herein.
 

 The court has read this testimony, and it has some probative value; but it is not so convincing to the court as to render the action of the commission arbitrary or capricious, unlawful or unreasonable. The
 
 *19
 
 protestants are offering substantial service; not perfect, perhaps, but reasonably adequate to the demands. The fact that the proposed service would be conducted over a virgin route does not in our opinion tend to prove the inadequacy of the present service over other routes between the same termini. The inadequacy of the present service must be established, else there could be no necessity for additional service.
 

 The terms “convenience” and “necessity” constitute two distinct conditions, that must be proven to exist by the applicant, by the greater weight of the evidence, before the machinery of the commission is put in motion; and, while the commission is substantially a fact-finding body, this court will not disturb its findings and orders unless they are against the manifest weight of the evidence.
 

 We see no error in the finding and order of the Public Utilities Commission herein, and it is hereby affirmed.
 

 Finding and order affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.