By the Court.
 

 On this appeal a reversal of an order of the Public Utilities Commission is sought. Appellant, Lorain-Amherst Transit, Inc., a common carrier of persons by motor busses, filed its application with the Public Utilities Commission to amend its certificate of public convenience and necessity No. 6846, to transport persons upon and over the following extension of route, viz.:
 

 Prom Lorain on Oberlin avenue, as extended to Ridge road, thence westerly to route No. 58, thence southerly to Oberlin and Wellington and return over the same route; also from Amherst over Elyria avenue to route No. 58, thence southerly to route No. 113, thence easterly to the city of Elyria and return.
 

 There were three protestants to the application, being carriers of passengers, conducting their businesses in the same general territory.
 

 The matter came on for hearing before an attorney examiner of the commission. Prom the evidence submitted he found that public convenience and necessity required that appellant’s application to amend its existing certificate be granted in the following respects:
 

 “Prom Lorain on Oberlin avenue, as extended to the Ridge road, thence westerly to route No. 58, thence southerly to Oberlin and Wellington and return over the same route.”
 

 Appellant therefore received only a part of what it asked.
 

 Upon consideration of the matter, the Public Utilities Commission accepted the recommendations of its attorney examiner
 
 in toto
 
 and entered an order accordingly. That order denied the appellant the opera
 
 *378
 
 tion it sought between Amherst and Elyria
 
 via
 
 Whiskeyville, but granted the requested operation between Lorain and Wellington.
 

 Appellant’s petition for a rehearing being denied, it perfected its appeal to this court.
 

 From an examination of the record it would seem clear that appellant’s desired operation between Amherst and Elyria would convenience some persons and would constitute a slightly shorter, slightly quicker and slightly less expensive service between Amherst and Elyria. However, the record shows also that the Central Greyhound Lines operates busses between Oberlin and Elyria and makes about 22 round trips per day; that the Lake Shore Coach Company operates busses over two routes between Lorain and Elyria, making 37 round trips per day; that Louis Lieb operates busses between Amherst and Elyria,
 
 via
 
 South Amherst, making 13 round trips per day; and that the Lake Shore Coach Company in conjunction with the appellant has a co-ordinated service between Elyria and Amherst of 10 round trips per day.
 

 Because of the transportation furnished by these various bus lines in a relatively small geographical territory, the commission reached the conclusion that those persons residing in the territory involved were adequately taken care of by the existing operations; that there was no proof of public convenience and necessity to be served; and that the granting of appellant’s application for the rendition of service between Amherst and Elyria should be denied. See Section 614-87, General Code.
 

 In our opinion the situation presented is one peculiarly within the regulatory powers of the commission and we think its conclusion that the Lorain-Amherst-Elyria territory is being adequately and sufficiently served by the motor carriers already covering that field is supported by the evidence.
 

 
 *379
 
 It has been held that a finding and order of the Public Utilities Commission will not he disturbed by the Supreme Court unless such finding and order is against the manifest weight of the evidence.
 
 Continental Freight Fowarding Co.
 
 v.
 
 Public Utilities Commission,
 
 126 Ohio St., 16, 183 N. E., 790.
 

 It has frequently been held that it is incumbent upon an applicant for an original certificate of public convenience and necessity’or for the extension of an existing certificate to show both convenience and necessity; a showing of convenience alone is not enough.
 
 Lykins
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 376, 154 N. E., 249;
 
 Canton-East Liverpool Coach Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 127, 174 N. E., 244;
 
 A. & T. Motor Freight, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 125 Ohio St., 617, 184 N. E., 11;
 
 Continental Freight Fowarding Co.
 
 v.
 
 Public Utilities Commission, supra.
 

 Futhermore, where it fairly appears that the existing motor transportation service is reasonably adequate to meet the needs of the particular territory, authorization of new and additional service is not warranted.
 
 Dayton & Xenia Motorbus Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 706, 156 N. E., 141.
 

 Unrestricted competition among common carriers, with its attendant evils, is not the policy of the legislation covering motor transportation companies (Sections 614-84 to 614-102, General Code). Such policy is that the public be served by the existing carriers and that additional service be authorized only when the service being rendered is inadequate.
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 358, 154 N. E., 320;
 
 Columbus Ry., Power & Light Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 36, 155 N. E., 647.
 

 Appellant complains about a certificate issued to one
 
 *380
 
 of the protestants herein, Louis Lieb, by the Public Utilities Commission for a bus operation between Amherst and Elyria
 
 via
 
 South Amherst and Whiskeyville. However, this certificate and the bases which prompted its issuance are not now before the court and may not properly be considered in disposing of this case.
 

 We find no abuse of discretion on the part of the Public Utilities Commission in this case nor is. its order unreasonable or unlawful'. Such order is, therefore, affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, Bell and Sohngen, JJ., concur.
 

 Hart, J., not participating.