Matthias, J.
It is the contention of counsel for the Public Utilities Commission that these appeals are not properly before the court for the reason that the applications for rehearing do not comply with Section 543, General Code, which requires that “such application shall set forth specifically the ground or grounds *571 on which th applicant considers said decision or order to be unreasonable or unlawful. ’ ’ The decision of this court in the case of City of Cincinnati v. Public Utilities Commission, 151 Ohio St., 353, 86 N. E. (2d), 10 is cited in support of such position. In that case it clearly appears that the grounds for rehearing were not specifically set forth in the application but were stated in general statutory terms in the nature of conclusions of the applicant.
In case No. 32784 the appellants set forth the facts as disclosed from the record in regard to the number of communities within the county sought to be served by Wilson and the names and number of communities which the appellants serve, and then set forth four reasons why they contend the rulings, findings and order are unlawful and unreasonable. These reasons may be summarized as follows: (1) The commission erred in failing to reject the attorney examiner’s report, (2) the commission erred in finding, “contrary to the manifest weight of the evidence and to the declared transportation policy, fundamental purpose and express provisions of the regulation, particularly General Code Sections 614-83, 614-87 and 614-87&,” that public convenience and necessity exist for the amendment of the certificate and that a 60-day order should issue, (3) the commission erred in unlawfully finding and declaring that public convenience and necessity require an amended and additional certificate of public convenience and necessity at any of the 51 points, concerning which no evidence of a single request for or color of any convenience or necessity to be served was shown or attempted to be shown, and (4) other errors apparent on the face of the record.
It seems quite clear that the application for rehearing in such case is specific and concisely states the complaints which, as disclosed by the record, were *572 urged throughout the entire hearing. The gravamen of the appellants’ complaint is the action of the commission in granting what is practically a new irregular certificate without evidence supporting it, and it is difficult to understand how appellants could have better stated the grounds relied upon for a rehearing than to have set forth the facts and their claims wherein the commission erred in granting a certificate based upon those facts. The application for rehearing filed in such case, therefore, fully met the requirements of Section 543, General Code.
Each of the appellants was, under the statute, entitled to written notice of the application involved herein (Section 614-91, General Code), which notice carries with it the implied right to appear and protest. Each is likewise a proper party to the proceeding, within the meaning of the provisions of Section 545, General Code, and entitled to prosecute an appeal to this court.
The question of the validity of the order of the commission, based on its finding, that there are public convenience and necessity for the service sought to be rendered under the proposed amendment to certificate No. 2133 is presented by the record in case No. 32784, including an order to protestants to expand their service under existing certificates. That is a final order and hence appealable to this court. It was so specifically held in the case of Cleveland, Columbus & Cincinnati Highways, Inc., v. Public Utilities Commission, 141 Ohio St., 634, 49 N. E. (2d), 759, the syllabus of which is as follows:
“Where the Public Utilities Commission finds that public convenience and necessity require the service proposed by a motor transportation company which is an applicant for such a certificate and orders the expansion of the operations of another motor transporta *573 tion company sufficient to provide the specified additional service upon and over the same route which that company is serving under its existing certificate of convenience and necessity, within sixty days thereafter, such order affects a substantial right of the latter carrier and gives rise to a right of appeal under the provisions of Section 544, General Code.”
Under the provisions of Section 614-87, General Code, no motor transportation company is permitted to operate without first obtaining from the Public Utilities Commission a certificate of public convenience and necessity authorizing such operation. Such convenience and necessity must be shown by evidence adduced, the burden of which is upon the applicant for such certificate. The same rule and requirement should apply to the extension of a certificated route as an amendment to a previously issued certificate which brings the holder thereof into competition with a previously certificated carrier. (Sections 614-91 and 614-93, General Code.)
A finding of the commission, based upon evidence justifying such finding, that there exist convenience and necessity for the transportation facilities embraced in the application is therefore a prerequisite to the granting of such application.
This court has repeatedly held that “a ‘necessity’ for motor transportation service as contemplated by the Motor Transportation Act is not synonymous with a ‘convenience,’ but is a definite need of the general public for a transportation service where no reasonably adequate service exists.” Canton-East Liverpool Coach Co. v. Public Utilities Commission, 123 Ohio St., 127, 174 N. E., 244; and A. & T. Motor Freight, Inc., v. Public Utilities Commission, 125 Ohio St., 617, 184 N. E., 11.
Is the order of the Public Utilities Commission in case No. 32784 unreasonable or unlawful because it *574 grants the amendment to the certificate of Wilson based upon a finding that public convenience and necessity exist, where the evidence shows that irregular-route service in some instances would be a convenience and in several instances a necessity for the proper conduct of various types of business, but there was no evidence that the service already being rendered is not adequate.
The evidence upon which the commission found that the amendment to the certificate is required was clearly insufficient in itself to support the application. Four witnesses appeared to testify in regard to the situation at Arcanum, which community is being served under a regular-route certificate by I). G. U., three witnesses in regard to the situation at Ansonia, one witness in regard to the communities of Dawn and Stelvideo, one witness in regard to transportation facilities at New Madison and Osgood, which latter communities are being served by Commercial under its regular certificate, and one witness, who is a banker in Ansonia, in regard to that community. Therefore, evidence was offered only in regard to six of the 45 towns and villages in Darke county, incorporated and unincorporated.
This situation makes significant the finding of the attorney examiner, which was approved by the commission, that it was the established policy of the commission to provide each community with service under an irregular certificate. It also shows a purpose to grant irregular certificates even in the absence of evidence showing necessity and convenience for such service. It might be well to note, at this time, that it seems apparent that these communities in Darke county already have some irregular service as indicated by the 60-day order issued to the 13 irregular-route operators, other than Wilson, engaged in transportation in the county.
*575 The authority of the Public Utilities Commission to grant such certificates is conferred by statute (Section 614-87, General Code). The public purpose to be served as contemplated by the statute has been the subject of numerous decisions of this court, the most recent of which is Modern Motor Express, Inc., v. Public Utilities Commission, 154 Ohio St., 271, 95 N. E. (2d), 764, the first paragraph of the syllabus of which is as follows:
“The purpose of the Motor Transportation Companies Act (Sections 614-84 to 614-102o, inclusive, General Code) is to secure to the public necessary and convenient common carrier service over the highways, and a certificate of public convenience and necessity may not be issued by virtue of that act, where the issuance would effect a surrender of the paramount rights of the public in the use of such highways. Such a certificate is issued for the benefit of the public and not for the benefit of the recipient. ’ ’
Previous decisions which have established that principle are cited in the opinion in that case, and it might be well to repeat that “the finding of ‘public convenience and necessity’ as a prerequisite to the granting of certicates to operate motor vehicles over the public highways requires the commission to limit its authorization so that no more motor trucks or busses are placed on the highways of the state than the public necessity requires. ’ ’
The record before us being devoid of evidence that there exist public convenience and necessity for irregular service in practically all the communities in the county, but containing evidence that some 31 communities already have service by holders of regular or irregmlar certificates, the granting of an amendment to Wilson’s certificate was not warranted and, therefore, the order of the commission finding such necessity and convenience and ordering other carriers *576 to improve their service within the 60-day period is unreasonable and unlawful and is hereby reversed.
No basis having been established by the evidence for the granting of the amendment applied for which is tantamount to the issuance of an additional certificate of public convenience and necessity, the orders of the commission in both cases are reversed.

Orders reversed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.