MASON ET AL., D. B. A. ABEL MOVING CO., APPELLANTS, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 72-698—Decided April 18, 1973.)

*Messrs. Sanborn, Brandon & Duvall* and *Mr. James Duvall*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Keith F. Henley*, for appellee.

STERN, J. Appellant raises four propositions of law herein, the first being that the requisite degree of proof should be less exacting for an application to operate as a motor transportation company, on call to the public over irregular routes, for the transportation of household goods, office furniture and fixtures than where authority to transport general freight is sought. Appellant bases his proposition upon the inherent difficulty in obtaining evidence to show a need and deficiency for this type of transportation, and upon the highly specialized nature of transportation necessary to serve and protect the public interest in the shipping of household goods.

We agree that it may be more difficult to obtain witnesses to testify as to the future need for shippers of household goods than it is to obtain witnesses to testify as to the future needs for shippers of general freight. This is because, by the nature of the shipping of household goods, those persons who have been moved from the principal area are no longer available to testify, and few of those who remain in the area can project their moving plans so as to enable them to give evidence of their inability to obtain service. However, such difficulty as may exist does not justify this court in ignoring the statutory requirements governing the Public Utilities Commission.

R. C. 4921.10 provides: "*No* motor transportation company shall commence its operation as such in this state

without obtaining from the Public Utilities Commission a certificate declaring that public *convenience* and *necessity* require such operation. \* \* \*'' (Emphasis added.) We find nothing in that statute evidencing an intent by the General Assembly that the degree of proof required should vary in accordance with the nature of the service being offered.

We hold, therefore, that the degree of proof required under existing statutes, as interpreted by the courts, is the same, irrespective of the nature of the certificate being applied for, and the applicable statutes must be universally applied and enforced. See *New York Central Rd. Co.* v. *Pub. Util. Comm.* (1931), 123 Ohio St. 370, 377.

Appellant's second proposition of law questions the meaning of the word ''necessity,'' as that word is used in the phrase ''public convenience and necessity'' in R. C. 4921.10, *supra.* Appellant contends that: ''\* \* \* The word 'necessity' \* \* \* should not be taken in its literal sense. Such necessity should be construed as contemplating a definite need of the general public for a public transportation service in a territory where no reasonably adequate public service exists.''

The opinion and order of the commission herein found: ''\* \* \* that the testimony presented did not amount to a showing of public necessity, *as interpreted by the courts,* but only amounted to a showing of a convenience.'' (Emphasis added.)

Paragraph two of the syllabus in *Canton-East Liverpool Coach Co.* v. *Pub. Util. Comm.* (1930), 123 Ohio St. 127, holds: ''A 'necessity' for motor transportation service as contemplated by the Motor Transportation Act is not synonymous with a 'convenience,' but is a definite need of the general public for a transportation service where no reasonably adequate service exists.'' See, also, *A. & T. Motor Freight* v. *Pub. Util. Comm.* (1932), 125 Ohio St. 617; *D. G. & U. Truck Lines* v. *Pub. Util. Comm.* (1953), 158 Ohio St. 564.

It appears, therefore, that the commission applied

appellant's desired meaning of "necessity" in determining that his application should be denied.[1]

The thrust of appellant's brief on this proposition of law focuses on the lawfulness and reasonableness of the order of the commission, thus necessitating an examination of the evidence presented. The evidence submitted by appellant consists primarily of the testimony of five witnesses whom appellant, in the past, has moved via a leasing agreement with existing certificate holders. These witnesses each indicated some degree of difficulty in obtaining service, at the desired instance, from regular permit holders, resulting in their contacting appellant.

It should be noted, however, that the request for service from each of the five protesting carriers involved at least one of the following three instances: A request to be moved on short notice; a request to be moved on a Saturday; or a request to be moved during one of the peak seasonal moving periods. It is appellant's position that if he established, by a preponderance of the evidence, that the existing services are inadequate to meet the public's needs in those instances, he has shown a public necessity. We do not agree.

At best, appellant has shown that existing certificate holders, using their own equipment, may be unable to specifically meet every demand made for moving household goods when the demand is made for a move in one of the three foregoing instances. However, there was no showing that the certificate holders were unable to meet those demands with the assistance of leased equipment such as appellant provided.[2]

---

[1]Black's Law Dictionary (3 Ed.), defines "necessity" as a "controlling force; irresistible compulsion; a power impulse so great that it admits no choice of conduct." That definition, we assume, is what appellant would consider a literal meaning of the word "necessity." Although we find little difference between that definition and that provided by case law, to the extent that a difference does exist, we adhere to the case law.

[2]The record contains no evidence of: instances where the general public has been unable to have household goods moved at a particular

We conclude that the facts found by the commission are lawful and reasonably justified, and that the evidence presented supports its essential findings of fact. Paragraph three of the syllabus in *Commercial Motor Freight* v. *Pub. Util. Comm.* (1951), 156 Ohio St. 360, approved and followed.

Appellant's third proposition of law is that the commission, in reaching its decision, should consider the past operations of the equipment, personnel, and facilities of appellant in connection with its leasing arrangment with certificate holders. Appellant contends that, since a great deal of the shipping of household goods in this area is currently being done by trucks leased from appellant, the issuance of a certificate to him would not be contrary to the purpose of the Motor Transportation Act.

Appellant's grounds for that contention are that, under lease agreements with certificate holders, his equipment is already being utilized by those carriers to provide the service which appellant seeks to render under his own certificate; that if this application for a certificate was granted there would be no increase in competition between appellant and such carriers; and that there would be no increase in the number of trucks being utilized over the highways in the particular territory. Appellant asserts further that the primary result of his being granted a certificate would be that he would no longer have to pay 12 to 20 percent of the transportation charges earned by use of his leased equipment to the certificate holders who used such equipment as lessees, and that the value of existing certificates would thus be diminished.

Our examination of the opinion and order of the commission reveals nothing to indicate that the commission did not consider appellant's past leasing arrangements before reaching its decision. Indeed, in light of the testimony contained in the record the commission must also

---

time; what percentage of the shipping of household goods is accomplished by certificate holders, utilizing leased equipment; or the extent that the use of leased equipment increases the cost to the customer.

have known that, had the certificate been granted, it would have constituted a benefit to appellant and a detriment to existing certificate holders. Such evidence, however, does not compel a holding contrary to that made by the commission.

Appellant's fourth proposition of law states:

"* * * Certificates of public convenience and necessity are granted for the benefit of the public and not the recipients of the certificates. Anticipated benefits to the applicants or possible detriments to protesting certificate holders are only incidental and secondary." We are in agreement with that proposition (see paragraph one of the syllabus in *Bray* v. *Pub. Util. Comm.* [1942], 139 Ohio St. 409). However, we find no merit in appellant's argument to the effect that the commission did not comply with that proposition.

The order of the Public Utilities Commission is neither unlawful nor unreasonable, and is, therefore, affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., dissents.