EDWARDS MOTOR TRANSIT COMPANY ET AL., APPELLANTS, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Edwards Motor Transit Co. *v.* Pub. Util. Comm. (1982),
1 Ohio St. 3d 3.]

(No. 81-1408—Decided July 7, 1982.)

*Beery & Spurlock Co., L.P.A.,* and *Mr. Alan C. Witten,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. Jonathan L. Heller,* for appellee.

*Bell & Clevenger Co., L.P.A.,* and *Mr. Langdon D. Bell,* for intervening appellee.

*Per Curiam.* Although appellants propound 12 propositions of law for our consideration, it is evident that the last such proposition is the one most

vigorously urged by them. This proposition of law states as follows:

"The Transportation Policy Of This State As Expressed In R.C. 4921.03(B) And R.C. 4921.10 Requires That In The Determination Of What Will Serve The Convenience And Needs Of The Public, The Providing Of Competition Is An Important Factor, And It Is Erroneous For The Public Utilities Commission To Refuse To Consider Evidence Of Public Need For Competitive Service In Place Of Monopoly Service."

The primacy of this issue is reinforced by appellants' statement that it is "the very heart of the controversy here before the court."

The commission properly refused to consider evidence that the granting of the subject applications would foster competition. In our view, the primary purpose of R.C. 4921.10[2] is to insure that the public convenience and necessity is adequately served; whether the accomplishment of this goal restricts or expands competition is irrelevant. Indeed, it may reasonably be argued that regulation, in any form, is the antithesis of free enterprise and an anathema to the ideal of competition. While this may be an interesting and proper subject for debate, it is patently clear that this court is not the proper forum for such debate. We concur in the commission's statement that "[i]f the public interest may be better served by unrestricted competition in the bus industry, it is a determination that should be made through the legislative process."[3]

We have held that "[i]t is not the policy of the motor transportation statute * * * to promote unrestricted competition between common carriers. * * *" *Scioto Valley Ry. & Power Co.* v. *Pub. Util. Comm.* (1926), 115 Ohio St. 358, paragraph one of the syllabus. Likewise, "[u]nrestricted competition among common carriers * * * is not the policy of the legislation covering motor transportation companies. * * * Such policy is that the public be served by the existing carriers and that additional service be authorized only when the service being rendered is inadequate." *Lorain-Amherst Transit, Inc.,* v. *Pub. Util. Comm.* (1947), 147 Ohio St. 376, 379 [34 O.O. 307, 308].

---

[2] In pertinent part, R.C. 4921.10 provides:

"No motor transportation company shall commence its operation as such in this state without obtaining from the public utilities commission a certificate declaring that public convenience and necessity require such operation.

"The commission may, after notice and hearing, when the applicant requests a certificate to serve in a territory already served by a motor transportation company holding a certificate of public convenience and necessity from the commission, grant a certificate only when the existing motor transportation company or companies serving such territory do not provide the service required or the particular kind of equipment necessary to furnish such service to the satisfaction of the commission.* * *

"Before granting any certificate the commission shall take into consideration other existing transportation facilities in the territory for which a certificate is sought. If it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate.* * *"

[3] It appears that the General Assembly has made this determination. After the date of the commission's decision herein, the General Assembly passed Am. Sub. H.B. No. 406. On May 20, 1982, the Governor signed this bill into law. The legislation amends R.C. 4923.02 and adds R.C. 4921.101. It appears that this legislation will moot our decision in this cause.

Given this posture of the law, it was not unreasonable or unlawful for the commission to refuse to consider "competition" as a factor in reaching its decision.

Appellants also claim that the commission erred in excluding as irrelevant evidence relating to appellants' desire to provide charter service over the routes in question and the inadequacy of Greyhound's existing charter service.

In reaching its determination on this issue, the commission stated, "[t]his Commission has long held that it has no power to grant or deny a certificated motor transportation company the authority to engage in 'charter party' trips * * *. The right to provide a charter service is incidental to the holding of a certificate of public convenience and necessity for the transportation of persons over regular routes."

The commission's determination on this issue was correct. R.C. 4923.02(C) defines a "charter party trip" as "the carriage of persons in one or more motor vehicles under a special contract for the exclusive use of each such vehicle for each trip, which contract shall not provide for continuing operations between the same termini, and which operation shall in no event become regular." Appellants sought authority for continuing operations, over regular routes, with fixed termini. This authority sought is clearly contrary to the concept of charter service. Moreover, even if evidence of a professed need for an irregular, non-recurring charter service could be adduced, such evidence would not be relevant to a determination of whether the public need and convenience dictates the granting of operating authority over regular routes, with fixed termini and set schedules.

Furthermore, appellants contend that the commission erred in failing to consider whether the granting of their applications would result in diversion of Greyhound's traffic. In discussing this issue, the commission said, "[d]iversion is a theory that should be applied only after a need for service has been established. The financial impact upon the existing carrier is only considered subsequent to the applicant satisfying its burden of proof. A lack of diversion of traffic should not be included as a factor to support a showing of need for additional service."

Although this court has held that a diversion of traffic, or depletion of revenue, is a factor to be considered insofar as the depletion of revenues might lead to the abandonment of existing facilities, see *East End Traction Co.* v. *Pub. Util. Comm.* (1926), 115 Ohio St. 119, 123; *Columbus Ry., Power & Light Co.* v. *Pub. Util. Comm.* (1927), 116 Ohio St. 36, 37, it does not necessarily follow that evidence of a lack of such diversion should be considered in determining whether the applicant has satisfied its burden of proving a public need and convenience for the proposed service.

The commission's decision to consider evidence of diversion only after the applicant has demonstrated that a public need and convenience exists for its services is neither unreasonable nor unlawful.

The remainder of appellants' contentions question the quality and nature of the service provided by Greyhound. Although couched in other terms, these

arguments raise essentially factual or evidentiary issues. We have consistently held that "[t]his court with regard to evidentiary matters does not review a finding and order of the commission *de novo*. Where conflicting evidence is presented to the commission with regard to a matter at issue, the commission's determination will not be disturbed unless the party who challenges that finding demonstrates that it is manifestly against the weight of the evidence and so clearly unsupported by the record in the cause as to demonstrate misapprehension, mistake or willful disregard of duty." *Masury Water Co.* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 147, 148-149 [12 O.O. 3d 163, 164]. We have reviewed the record submitted in this cause and conclude that there is no basis for disturbing the commission's determination. See *Transport Supply* v. *Pub. Util. Comm.* (1979), 60 Ohio St. 2d 155 [14 O.O. 3d 391].

Accordingly, the order of the Public Utilities Commission being neither unreasonable nor unlawful is hereby affirmed.

*Order affirmed.*

W. BROWN, Acting C.J., KEEFE, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

KEEFE, J., of the First Appellate District, sitting for CELEBREZZE, C.J.

HOLMES, J., concurring. I concur in the conclusion here that the Public Utilities Commission did not abuse its discretion in its determination made under the law existing at the time of the order of the commission. However, I wish to emphasize that such an order of the commission, or this affirmance by this court, would no longer be the law subsequent to the effective date of Am. Sub. H. B. No. 406, as set forth in footnote 3 herein.