THOMAS, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL.,
APPELLEES.

[Cite as Thomas *v.* Pub. Util. Comm. (1986), 24 Ohio St. 3d 167.]

(No. 84-1543—Decided June 25, 1986.)

*Michael Thomas, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert S. Tongren* and *Amy S. Katzman,* for appellee.

*Thomas E. Morgan, James L. Fullin* and *Stephen B. Seiple,* for intervening appellee.

*Per Curiam.* "Review of orders of the Public Utilities Commission on appeal is limited to a consideration of whether the order is unreasonable or unlawful, and, on questions of fact, this court will not substitute its judgment for that of the commission unless it appears from the record that the finding and order were manifestly against the weight of the evidence." *Cremean* v. *Pub. Util. Comm.* (1976), 48 Ohio St. 2d 163 [2 O.O.3d 342], paragraph one of the syllabus; see, also, *Cleveland Elec. Illum. Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403 [71 O.O.2d 393], paragraphs four and eight of the syllabus; *Akron* v. *Pub. Util. Comm.* (1966), 5 Ohio St. 2d 237 [34 O.O.2d 467]; *Lorain-Amherst Transit, Inc.* v. *Pub. Util. Comm.* (1947), 147 Ohio St. 376 [34 O.O. 307]. "The action of an administrative officer or board within the limits of the jurisdiction conferred by law is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment." *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71 [28 O.O.21], paragraph seven of the syllabus. Consequently, where a decision of the Public Utilities Commission is under attack, "[t]he burden of proof rests upon the complainant." *Grossman* v. *Pub. Util. Comm.* (1966), 5 Ohio St. 2d 189, 190 [34 O.O.2d 347]; *Consumers' Counsel* v. *Pub. Util. Comm.* (1985), 18 Ohio St. 3d 264, 265.

Although Thomas contends the service representatives from Columbia Gas lied in their testimony, he declined to cross-examine them in any way to test their credibility. In his brief before this court, Thomas states: "* * * I do not believe that Columbia Gas makes mistakes on everyones [*sic*] bills to this extreme * * *. * * * [T]he lies told by the Columbia Gas witnesses at the P.U.C.O. hearing certainly suggests [*sic*] at the very least bias * * *." There is no evidence in the record to substantiate these conclusions.

Thomas attempts to rely on two non-evidentiary Local Climatological Data reports from the National Oceanic and Atmospheric Administration which, apparently, are intended to show that the outside temperature was not cold enough to warrant the consumption of the amount of gas for which he had been billed. We do not consider the relevance of these reports, however, because they were not a part of the record before the PUCO. In an appeal to this court from an order of the Public Utilities Commission, new evidence is not adduced, but this court considers the law and facts upon the record made before the commission. *East Ohio Gas Co.* v. *Pub. Util. Comm.* (1938), 133 Ohio St. 212, 217 [10 O.O. 282]. Nevertheless, if there were holes in one wall of Thomas' house, and doors and windows had been left open, the outside temperature would have little

bearing on the consumption of gas. One can expect to use a lot of gas when one tries to heat all outdoors. Moreover, Thomas and his daughter admitted that their thermostat was frequently set at 90 degrees and that "* * * the furnace was turned [up] as high as it would go 90 percent to 95 percent of the time * * *."

Thomas presented no credible evidence capable of overcoming the presumption of regularity in the proceedings before the PUCO. In view of the state of the record, we cannot say that the decision of the commission is contrary to the weight of the evidence. Consequently, we find that the commission's order is neither unreasonable nor unlawful, and it is affirmed.

*Order affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.