MASTERS, D. B. A. MASTERS TRANSFER SERVICE, ET AL.,
APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL.,
APPELLEES.

[Cite as Masters v. Pub. Util. Comm. (1976),
45 Ohio St. 2d 207.]

(No. 75-720—Decided March 3, 1976.)

208

*Messrs. Stiverson & Alden* and *Mr. John L. Alden,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Robert T. Maison,* for appellee Public Utilities Commission.

*Messrs. Sanborn, Brandon & Duvall, Mr. James Duvall* and *Mr. James R. Berendsen,* for appellees John T. Tonkovich & Son, Inc., and Ideal Transportation Company.

*Per Curiam.* The sole issue is whether the conditional issuance of irregular route certificates of public convenience and necessity to applicants was unreasonable or unlawful.

Appellant Robert Neff & Sons contends, in essence, that failure to afford it opportunity for presentment of evidence was unreasonable or unlawful. Robert Neff & Sons, however, was operating under the certificate originally issued to Sam Masters. Neff's authority was temporary, pending approval by the commission of its application to purchase Masters' authority. Under these circumstances, it was not unreasonable or unlawful for the commission to disallow the protest of one operating under such temporary authority, and, likewise, refusal to consider evidence from a holder of such temporary authority was not improper.

Appellants' further contention is that no inadequacy of service was shown, as required by R. C. 4921.10, as to

Ohio Truck Service which held a certificate of public convenience and necessity to service the territory in question. Appellants argue that deficiencies in advertising or solicitation programs by Ohio Truck Service in the Monroe County area were not proper considerations to support a finding of inadequate service. A review of the record reveals that the commission's findings of fact relating to such advertising and solicitation deficiencies were not against the manifest weight of the evidence. We hold that such deficiencies were proper considerations for the commission in its determination of whether the service afforded by Ohio Truck Service was adequate as to shippers in the Monroe County area, inasmuch as awareness of available service by the shipping public is relevant to a meeting of the public need.

For reason of the foregoing, the order of the Public Utilities Commission, being neither unreasonable nor unlawful, is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.