R.D.S. MOWERY, INC., APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 80-1389—Decided April 8, 1981.)

*Messrs. Baker & Hostetler, Mr. A. Charles Tell* and *Mr. Stephen J. Habash,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin Resnik* and *Ms. Marsha R. Schermer,* for appellee.

*Per Curiam.* R. C. 4921.10 sets forth the standards by which the commission is to determine whether to grant a certificate of public convenience and necessity. It provides, in part:

"*The commission may,* after notice and hearing, when the applicant requests a certificate to serve in a territory already served by a motor transportation company holding a certificate of public convenience and necessity from the commission, *grant a certificate only when the existing motor transportation company or companies serving such territory do not provide the service required or the particular kind of equipment necessary to furnish such service* to the satisfaction of the commission.* * *

"Before granting any certificate the commission shall take into consideration other existing transportation facilities in the territory for which a certificate is sought. *If it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate.*" (Emphasis added.)

Under this statute, the applicant has the burden of adducing evidence to show that the general public has a definite need for the proposed transportation service and that no reasonably adequate service exists. *D.G. & U. Truck Lines Inc.,* v. *Pub. Util. Comm.* (1953), 158 Ohio St. 564, 573; *Mohawk Motor, Inc.,* v. *Pub. Util. Comm.* (1967), 11 Ohio St. 2d 238. The commission determined that existing motor transportation companies holding previously issued certificates of public convenience and necessity were capable of

providing the transportation services which appellant sought authorization to perform as a common carrier.

The evidence presented at the public hearings supports the commission's conclusion that appellant failed to meet its burden. Testifying in opposition to appellant's application were representatives of Matlack, Inc., Refiners Transport & Terminal Corporation, and Coastal Tank Lines, Inc., all large certified common carriers authorized to transport fuel oils, gasoline and other petroleum distillates in tank truck and trailer equipment to and from various points in Ohio. Appellant did not rebut their testimony that the needs of those shippers previously served by appellant as a contract carrier could be met by previously licensed common carriers in Ohio. In fact, most of the evidence adduced by appellant only demonstrated that both consignors and consignees served by appellant were pleased with appellant's existing service. The commission, within its reasonable discretion, found that this did not warrant granting the certificate. *D.G. & U. Truck Lines Inc.,* v. *Pub. Util. Comm.* (1965), 4 Ohio St. 2d 113. Here, the fact that appellant is merely attempting to convert its contract carrier status to that of a common carrier is unimportant. The burden of proof remains the same. *Mason* v. *Pub. Util. Comm.* (1973), 34 Ohio St. 2d 21.

The commission did not act unreasonably or unlawfully in denying appellant a certificate of public convenience and necessity. Thus, the commission's decision to deny the application is affirmed.

Appellant's second proposition of law presents the question whether, in light of R. C. 4923.05(F), a contract carrier may, by including an "agency collection" clause in its contracts lawfully collect freight charges from the recipient of shipped goods where the recipient is not a party to any of the contracts on file with the commission. That statute provides, in part:

"The public utilities commission shall adopt rules prescribing the manner and form in which private motor carriers shall apply for permits. Among other things, such rules shall provide that such applications shall:

"* * *

"(F) *Be accompanied by such contract,* or any change or

modification of such contract, duly executed by the applicant and each such person, firm, or corporation employing or proposing to employ the applicant, *which contract,* among other things,* * * *shall provide that the full compensation for the services rendered or proposed to be rendered under such contract shall be paid to such contract carrier by motor vehicle by the other contracting party.* " (Emphasis added.)

Appellant began transporting oil product shipments on a freight-collect basis in 1973.* Currently, approximately 45 to 50 percent of all shipments handled by appellant are shipped freight-collect. When the commission staff questioned the legality of this practice, appellant proposed amending its contracts to include the following language:

"Shipper shall pay carrier full compensation for the services to be performed by carrier under the terms and conditions of the rate schedule made a part hereof, and shipper hereby designates carrier as shipper's agent to collect such charges from the consignee of each shipment handled."

The commission denied appellant permission to so amend its contracts, finding that such an amendment was prohibited by R. C. 4923.05(F).

Thus, the very limited question presented for our determination is whether a contract carrier necessarily exceeds the permitted scope of its operations in every case where monies in the same amount as the freight charges due the carrier are collected by the carrier from a consignee not a party to contracts on file with the commission.

R. C. 4923.05(F) mandates that full compensation for transportation services rendered by a contract carrier "shall be paid" by the other party to the contract. Black's Law Dictionary (5 Ed.) defines the verb "pay" as the act of "discharg[ing] a debt by tender of payment due; * * * deliver[ing] to a creditor the value of a debt * * *." Under appellant's proposed amendment those shippers already parties to filed contracts contractually assume the responsibility for "payment" of freight charges earned by appellant. A debtor-creditor relationship results in which the "other contracting party"

---

* Testimony was adduced that, beginning in 1973, pricing policy throughout the oil industry changed from quotation of delivered prices to quotation of rack prices.

assumes the obligation to "pay" the carrier for his services. Thus, the requirement of R. C. 4923.05(F) is satisfied.

The latter part of appellant's proposed amendment ("shipper hereby designates carrier as shipper's agent to collect such charges from the consignee of each shipment handled") implies the existence of collateral agreements between the shippers for whom appellant is authorized to transport goods and their customers. It may be inferred that, *as between such consignor and such consignee,* these agreements vest responsibility for paying freight charges with the consignee. Agreements between a consignor and a consignee do not determine the legal relationship each has or does not have with the carrier.

Since inclusion of appellant's proposed amendment to its on-file contracts would not, standing alone, violate R. C. Chapter 4923, the commission's refusal to allow such amendment is reversed.

*Order affirmed in part and reversed in part.*

P. BROWN, SWEENEY, LOCHER, VICTOR and C. BROWN, JJ., concur.

CELEBREZZE, C. J., and W. BROWN, J., concur in part and dissent in part.

VICTOR, J., of the Ninth Appellate District, sitting for HOLMES, J.

WILLIAM B. BROWN, J., concurring and dissenting. I disagree with the majority's application of R. C. 4923.05(F). The language of the statute is clear and unambiguous. An application for a permit by a private carrier "shall provide that the full compensation for the services rendered or proposed to be rendered under such contract shall be paid to such contract carrier by motor vehicle by the other contracting party." Appellee's argument that the proposed "agency collection clause" is a subterfuge to evade the plain meaning of the statute is well taken. The commission rightfully found this contract to be a violation of R. C. 4923.05(F).

CELEBREZZE, C. J., concurs in the foregoing concurring and dissenting opinion.