BOB'S TRUCK SERVICE, INC., APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Bob's Truck Service, Inc. *v.* Pub. Util. Comm.
(1982), 2 Ohio St. 3d 83.]

(No. 82-257—Decided December 29, 1982.)

*Beery & Spurlock Co., L.P.A., Mr. Paul F. Beery* and *Mr. Alan C. Witten,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mrs. Jane L. Miller,* for appellee.

*Messrs. Baker & Hostetler, Mr. James M. Burtch* and *Mr. Kevin L. Shoemaker,* for intervening-appellee.

*Per Curiam.* The issue presented is whether the denial of the subject certificate of public convenience and necessity was unreasonable or unlawful. R.C. 4921.10 sets forth the standards governing the commission's determination of an application for a certificate of public convenience and necessity. It provides in part:

---

[1] Appellee commission filed a motion to dismiss this appeal on grounds of mootness after it was presented with a motion for substitution of parties to be ruled upon pending the outcome of this appeal. The motion to dismiss is denied because the parties' action before the Public Utilities Commission has no effect on the issues before this court.

"The commission may * * * grant a certificate only when the existing motor transportation company or companies serving such territory do not provide the service required or the particular kind of equipment necessary to furnish such service to the satisfaction of the commission. * * *

"* * * If it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate."

The applicant has the burden of adducing evidence to show that the general public has a definite need for the proposed additional service *and* that no reasonably adequate service exists. *R.D.S. Mowery, Inc.* v. *Pub. Util. Comm.* (1981), 66 Ohio St. 2d 22, 23 [20 O.O.3d 14]; *D.G. & U. Truck Lines, Inc.* v. *Pub. Util. Comm.* (1953), 158 Ohio St. 564, 573 [49 O.O. 477]. Essentially, R.C. 4921.10 authorizes the commission to grant a certificate only when the existing company does not provide either the service required or the particular equipment necessary to furnish such service. Proof of a failure of either would satisfy appellant's burden herein.

Because evidence adduced at the hearing indicated that intervening-appellee owned equipment comparable to that owned by appellant, appellant was essentially limited to demonstrating the inadequacy of intervening-appellee's service. The evidence favorable to appellant's position consisted exclusively of the testimony of two supporting shippers which stated in general terms that intervening-appellee could not provide them with adequate service. To the contrary, intervening-appellee testified that it was properly experienced, well-equipped, and fully capable of providing the service required.

In addition, appellant cited alleged deficiencies in intervening-appellee's advertising and solicitation programs as evidence of its inadequate service. This court has held that deficiencies in advertising and solicitation programs "were proper considerations for the * * * determination of whether service * * * was adequate * * * inasmuch as awareness of available service * * * is relevant to a meeting of the public need." *Masters* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 207, 209 [74 O.O.2d 322]. However, intervening-appellee did advertise in the yellow pages and testimony indicated that the supporting shippers had actual knowledge of the availability of intervening-appellee's services. The commission could reasonably have determined that no such deficiencies existed.

Appellant cites *Harold D. Miller, Inc.* v. *Pub. Util. Comm.* (1982), 1 Ohio St. 3d 162, as authority for the proposition that intervening-appellee's agency agreement was contrary to the public policy of R.C. 4921.03 and concludes therefrom that intervening-appellee's service was inadequate as a matter of law. That case is distinguishable from the instant case. The protestants in *Miller* were carriers authorized to transport commodities and equipment peculiar to the oil and gas drilling industry. They either offered services which fell demonstrably short of those demanded by that highly technological industry or owned little or none of the equipment needed to fur-

nish those specialized services. Those that did not own the necessary equipment were leasing their authority to carriers which did. It was that practice which this court found repugnant to R.C. 4921.03. In the instant case, the record confirms that intervening-appellee has leased neither equipment nor authority since 1979. *Miller,* therefore, does not apply. Although appellant cites one recent occasion when a shipper was referred to intervening-appellee's former agent, the commission could reasonably have dismissed that evidence as inconsequential.

This court has previously held that the need of a single shipper is not a public need. *F.J. Egner & Son* v. *Pub. Util. Comm.* (1968), 13 Ohio St. 2d 131, 132 [42 O.O.2d 340]. The two supporting shippers herein described their needs in terms of general objectives rather than specific requirements, painting a picture of occasional snags in their otherwise routine shipping schedule. This scant evidence presents quite a contrast to that offered by the supporting shipper in *Egner* that no carrier was authorized to ship the commodity which was the exclusive subject of its business. This court did not reverse the commission's denial of an application under those circumstances. Neither will we do so under the less compelling circumstances presented here.

The law in Ohio is well-established. "* * * [A] finding and order of the commission * * * will not be disturbed unless it appears from the record that such finding and order are manifestly against the weight of the evidence, and are so clearly unsupported by it as to show misapprehension or mistake, or willful disregard of duty." *Delphos* v. *Pub. Util. Comm.* (1940), 137 Ohio St. 422, 424 [19 O.O. 126]. The commission's determination that appellant failed to meet its burden of proof is supported by the record. Therefore the order of the Public Utilities Commission is affirmed.

*Order affirmed.*

CELEBREZZE, C.J., W. BROWN, PARRINO, C. BROWN and KRUPANSKY, JJ., concur.

LOCHER, J., concurs in judgment only.

HOLMES, J., dissents.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.